■ In the Matter of the Claim of LEUTY GREEN, Respondent, against WILLIAM HENGERER Co. et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by

employer and carrier from a decision and award of the Workmen's Compensation Board which exonerated the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law from liability for reimbursement. The only question presented by the appeal is the right of appellants to reimbursement from the Special Disability Fund. On September 22, 1952, while at work for the employer, claimant suffered a cerebral hemorrhage, resulting in a partial paralysis, as a result of which the board has found total disability. While working for the same employer claimant had previously suffered an industrial accident consisting of a fracture of his left heel, which finally resulted in a 35% loss of the left leg. It is without dispute that the employer knew of this previous accident, and that its carrier had paid compensation therefor. Thus the elements of knowledge and continued employment after the previous accident are present. However, one of the requirements of the statute entitling appellants to reimbursement is that the second accident results " in a permanent disability caused by both conditions that is materially and substantially greater than that which would have resulted from the subsequent injury * * * alone ". The board in its memorandum of decision has expressly found that claimant's total disability results solely from the accident of September 22, 1952, and that " the increment of disability contributed by the prior condition is not material and substantial ". Thus the board has decided that one of the essential elements required by the statute is lacking. Despite considerable controversy between the parties before the board about whether disability can be " greater than total," as we view the record, the board decided only that claimant's total disability resulted from the second accident alone, and that the previous injury to his heel was not a material and substantial factor in his present disability. There is evidence to sustain such a conclusion, and the board could properly deny reimbursement upon the record in this case. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board against the appellants. Present — Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ.