■ In the Matter of the Claim of JOHN MINCH, Respondent, v. EBER BROS. & CO., INC., et al., Respondents, and ALSCO DISTRIBUTORS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer Alsco Distributors, Inc., and its carrier from a decision of the Workmen's Compensation Board charging them with the entire award. The claimant sustained an injury to his back while working for the respondent employer in 1944. This resulted in a spinal fusion being performed by Dr. Sullivan and in 1949 that compensation case was closed with a lump sum settlement. In 1956 while working for the appellant employer the claimant slipped and fell on his buttocks. Further surgery was performed in 1957 by Dr. Sullivan during which he removed certain scar tissue and some bony overgrowth which had resulted from the earlier spinal fusion. After this second accident the claimant was totally disabled. The only physician to testify was Dr. Sullivan who stated that both accidents played a part in the resulting disability and that both operations, the one in 1945 and the one in 1957, resulted from the first accident. He found no new condition after the second accident which he could attribute to that accident. The Referee attributed the disability to both accidents and charged half the award to each carrier. On review the board modified by finding disability subsequent to the second accident due solely to the second accident, that there was no change in condition under subdivision 5-b of section 15 of the Workmen's Compensation Law and charged the entire award to the appellant carrier who covered the second accident. Under subdivision 5-b of section 15 when a claim is closed with a lump sum payment it can only be reopened if

"there has been a change in condition or in the degree of disability of claimant not found in the medical evidence and, therefore, not contemplated at the time of the adjustment". There is no evidence in this record to sustain the board's finding that all the disability after the second accident was attributable thereto. The evidence indicates rather that the resulting total disability was due to both accidents and that the second injury was an aggravation of a pre-existing condition. The respondent cites *Matter of Shafaransky* v. *Cosmos Footwear Corp.* (277 App. Div. 803) where claimant sustained two injuries to his back and this court upheld the board's refusal to reopen the first compensation case which was closed with a lump sum settlement. In that case there was medical proof showing the injuries to be distinct and independent and such proof is lacking here. The only evidence here indicates that the change in condition was attributable to both accidents. The case should be remitted to the board at which time it can consider the question of the liability of the Special Fund and take any further medical evidence which might be produced. Decision unanimously reversed and case remitted to the Workmen's Compensation Board, with costs to appellants. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.