In the Matter of the Claim of GEORGE DURDALLER, Respondent, v. LIBERTY PRODUCTS CORP. et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board. Claimant is suffering from a glandular disease which results in extreme obesity. His weight is at least 375 pounds, and a physician who examined him and who was unable to weigh him on his office scale, estimated the weight to be about 500 pounds. The extreme obesity itself was obvious and the employer knew when claimant was hired that the obesity was due to the disease since there had been a pre-employment physical examination. Claimant was put to work preparing airplane parts for painting, a job for which it was difficult to find workmen. This situation presents a classical illustration of the kind of physically handicapped employee whose employment was to be encouraged by subdivision 8 of section 15 of the Workmen's Compensation Law and the fund set up by the statute. The proof is that the glandular

condition was permanent. There can be no doubt that its result in extreme obesity was likely to hinder employment and it was conceded by the Fund in the record that the injury sustained is greater than would normally result from the industrial accident. (*Matter of Ferguson* v. *Art Stone Co.*, 6 A D 2d 25.) The decision of the board discharging the Special Fund because the claimant's handicap was "not considered to be disabling" is without substantial evidence in its support. Decision discharging the Special Fund reversed and claim remitted to the board, with costs to appellant against the Special Fund. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.