■ In the Matter of the Claim of ALEXANDER HYE, Respondent, v. A. VICTOR & Co., INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board which discharged the Special Disability Fund from liability under subdivision 8 of section 15 of the Workmen's Compensation Law. Claimant, blind in his left eye since childhood, injured his right foot on February 22, 1961. This injury, coupled with a pre-existing diabetes condition, produced gangrene and, as a result, his right leg was amputated at a point about six inches below the right knee on March 9, 1961. At a hearing held on May 31, 1962 it was stipulated and agreed that the Special Disability Fund was liable. On May 17, 1963 the board made an award to claimant "for Permanent Partial Disability 95 per cent loss of right leg. Protracted Temporary Total Disability in addition to schedule award." In June, 1961 claimant lost the sight of his right eye due solely to his diabetes. In July, 1965 claimant's left leg was amputated. The board reopened the case, and on June 11, 1968 determined that the loss of the left leg was causally related to the accident in 1961; that claimant had a total permanent disability due to this accident alone; that such disability is not materially and substantially greater by reason of the combination with the pre-existing loss of vision in the left eye; and that liability rests with the carrier. The board then discharged the Special Disability Fund. Appellant contends that the Special Disability Fund should not have been discharged, and that the award should have been made against the Fund pursuant to the provisions of subdivision 8 of section 15 of the Workmen's Compensation Law. "One of the requirements of the statute entitling appellants to reimbursement is that the second accident results 'in a permanent disability caused by both conditions that is materially greater than that which

would have resulted from the subsequent injury \_ \* \_ \* \_ \* alone.'" (Matter of Green v. Hengerer Co., 1 A D 2d 856.) The board in its decision on June 11, 1968 expressly found that claimant's total disability results solely from the accident of February 22, 1961, and that the disability is not materially and substantially greater by reason of the pre-existing loss of vision in the left eye. The board has thus reclassified the disability by reason of the change in condition arising by the loss of the left leg which was attributable to the accident alone. This the board had power to do, and there is evidence to sustain this conclusion. (Matter of Cretella v. New York Dock Co., 289 N. Y. 254.) The loss of both legs as the result of the accident rendered claimant permanently totally disabled. The pre-existing loss of vision combined with the loss of both legs could not be considered as making claimant any more disabled than permanently totally disabled. The requirement of the statute that the second accident results in a permanent disability caused by both conditions, that is materially and substantially greater than that which would have resulted from the subsequent injury alone and has, therefore, not been met. Decision affirmed, with costs to the Special Disability Fund. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Staley, Jr., J.