(December 15, 1970)

In the Matter of the Claim of HOWARD ZIMMERMAN, Respondent, v. AKRON FALLS PARK — ERIE COUNTY, Appellant, and SPECIAL DISABILITY FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.—

Reynolds, Greenblott and Cooke, JJ., concur; Herlihy, P. J., and Staley, Jr., J., dissent and vote to affirm in the following memorandum: Prior to claimant's accidental injury in July, 1967 when he injured his left arm and shoulder, and in spite of the loss of his left hand by amputation following the accidental injury in 1924, claimant was working regularly by using a prosthesis and "doing heavy work with his left arm". Dr. Heckmann, compensation examining physician of the Workmen's Compensation Board reported and testified that the condition of claimant's shoulder was permanent and equal to a schedule loss of 50% of the left arm. The board found that "the claimant has a 50% schedule loss of use of the left arm attributable to the severe accidental injury sustained by him on July 23, 1967, when he fell a distance of forty feet into a waterfall, also in view of the restricted motion of the left shoulder and in spite of the prior left forearm amputation." The board also affirmed the Referee's decision that "this case comes within the purview of Section 15-8 d of the Workmen's Compensation Law". Claimant contends that the award made to him in 1924 was an allowance for the loss of the left hand only, which the board argues is confirmed by an examination of the Workmen's Compensation Law in effect in 1924, which authorized benefits for claimant's injury only for the loss of his hand (Workmen's Compensation Law, § 15, subd. 3, par. o [1924]), and that the 1924 award was only for the loss of a hand. Paragraph u of subdivision 3 of section 15 of the Workmen's Compensation Law provides: "In any case in which there shall be a loss or loss of use of more than one member or parts of more than one member set forth in paragraphs a to t, both inclusive, of this subdivision, but not amounting to permanent total disability, the board shall award compensation for the loss or loss of use of each such member or part thereof, which awards shall run consecutively." The Legislature has clearly stated that compensation shall be paid for loss or loss of use of each member listed in paragraphs a to t. Paragraph a lists an arm as a member, and paragraph c lists a hand as a member. The record clearly indicates that the award made to claimant was limited only to the injury caused by the 1967 accident. Claimant's 1924 accident did not affect his left shoulder which was injured in the 1967 accident causing the 50% loss of use of the left arm. The injury here is the loss of use of only one member, an arm, and compensation should be awarded for that loss. After the 1967 accident claimant was more seriously handicapped than he had been prior to that accident, and such injury constituted a separate and distinct injury and should be so regarded in awarding benefits. (*Matter of Earl* v. *Davis Box Toe Co.*, 261 App. Div. 862, mot. for lv. to app. den. 285 N. Y. 859; *Matter of Fullerton* v. *Frewsburg Furniture Co.*, 263 App. Div. 1029; cf. *Matter of Farley* v. *Martin Mechanical Corp.*, 31 A D 2d 285, mot. for lv. to app. den. 24 N Y 2d 740.) The board's finding should be sustained regardless of the fact that he had received a previous award for the loss of a hand in the 1924 accident. (Workmen's Compensation Law, § 15, subd. 8; *Matter of Conway* v. *Aluminum & Brass*

*Co.,* 279 App. Div. 82, affd. 304 N. Y. 571.) The decision of the Workmen's Compensation Board should be affirmed.