■ In the Matter of the Claim of THELMA SHIRLEY, Respondent, v. TRI-ANGLE MAINTENANCE CORP. et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal on a shortened record by the Special Disability Fund from a decision of the Workmen's Compensation Board, filed June 3, 1971 and from an amended decision filed June 9, 1972, which established the liability of said fund under subdivision 8 of section 15 of the Workmen's Compensation Law. Claimant, employed as a cleaning lady, alleged that she hurt her back while emptying a waste can and was given an award based on a finding that she had a causally related mild permanent partial disability. She was very obese, the board stating that she was about five feet four inches tall and that she weighed about 250 pounds. At least two doctors agreed that she had a herniated disc which probably should have been surgically repaired but that such surgery was not advisable until she lost some weight. Upon a suggestion that claimant be hospitalized to lose weight, the carrier authorized hospitalization for said purpose for a period not to exceed three weeks. Upon discharge her weight was 218 pounds but one

month later it was 233 pounds, although she was supposedly on a weight reduction program. In order for the Special Disability Fund to be held liable, it must be established that (1) there was a permanent physical impairment of the employee; (2) the employer's hiring or retention of the employee was with knowledge of this impairment; (3) the hiring or retention was made in spite of the impairment which must be a substantial hinderance to employment; and (4) a greater injury than that which would be suffered by a person without such impairment was suffered in the subsequent industrial accident (*Matter of Lodge* v. *Just One Break,* 38 A D 2d 999, 1000). Although the carrier argued before the board that claimant's obesity was caused by a permanent hyperthyroid condition, the board's finding of a permanent pre-existing condition is not supported by substantial evidence since the record before us contains no support for this statement and all of the physicians involved indicated that claimant could lose weight and recommended that she do so before surgery. Contrary to the situation found here, in *Matter of Durdaller* v. *Liberty Prods. Corp.* (16 A D 2d 849, affd. 12 N Y 2d 787), extreme obesity resulting from a permanent glandular condition was found to be a prior permanent physical impairment within subdivision 8 of section 15 of the Workmen's Compensation Law. In order to establish that the hiring or retention of the employee was with the employer's knowledge of the impairment, it must be shown not only that the latter knew of the impairment but also that he had a good faith belief in its permanence (*Matter of Bellucci* v. *Tip Top Farms,* 24 N Y 2d 416, 420). Undoubtedly, the employer knew of the obesity because it would have been obvious. Although the good faith belief of permanence need not be based on medical evidence or knowledge to a point of medical certainty, the belief must have some factual basis, which was not supplied by the employer's regional manager who testified that he believed the obesity was permanent but admitted the possibility that claimant could lose weight, that he did not know that she would always be obese and that he had never been informed by any medical practitioner that the overweight problem would be permanent. The statute requires " a permanent disability caused by both conditions that is materially and substantially greater than that which would have resulted from the subsequent injury * * * alone" (Workmen's Compensation Law, § 15, subd. 8, par. [d]). While this is a question of fact for the board (*Matter of Fause* v. *P.M.C. Carting Corp.,* 37 A D 2d 891, mot. for lv. to app. den. 30 N Y 2d 482), there is a lack of substantial evidence that there was a permanent disability resulting from the obesity and herniated disc which is materially and substantially greater than would have been suffered from the herniated disc alone. Indeed, it has not been established that either condition is permanent but, rather that until the obesity is lessened, it is impossible to treat the disc condition. Decision reversed, with costs to appellant against respondent carrier, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Main, JJ., concur.