In the Matter of the Claim of Pasquale Bazzano, Appellant,
v John Ryan & Sons et al., Respondents. Workmen's
Compensation Board, Respondent.

Third Department, April 20, 1978

### APPEARANCES OF COUNSEL

*Israel & Leeds (William Leeds* of counsel), for appellant.

*Peter M. Pryor (Louis Busell* of counsel), for John Ryan &
Sons and another, respondents.

*Louis J. Lefkowitz, Attorney-General (Daniel Polansky* of
counsel), for Workmen's Compensation Board, respondent.

### OPINION OF THE COURT

Staley, Jr., J.

Claimant has been awarded benefits for a 10% schedule loss
of the left hand. As a result of a compensatory accident,
claimant sustained the amputation of the small finger, and
ring finger on June 28, 1973. In a previous accident that
occurred on August 20, 1956, an award was made to claimant
for a 90% schedule loss of use of his left hand. The report of
medical examination in the present case found a schedule loss
of 27½% of the left hand.

The board found that "based upon the medical evidence,
that the claimant has lost remaining usefulness of his left

hand and in view of the prior schedule loss of 90% of the same hand, this results in a 10% schedule loss of use of the left hand causally related to this case".

This decision is consistent with the carrier's argument that the 10% loss is based on simple arithmetic by deducting the prior 90% loss from 100% resulting in an award of 10% herein.

As a result of the 1956 accident, although there was a schedule loss of 90%, the small finger and ring finger of the left hand had shown no defects.

Section 15 (subd 3, par n) of the Workmen's Compensation Law provides that loss of more than one phalange of a digit is the same as the loss of the entire digit. Paragraph j of subdivision 3 provides the loss of a ring finger is 25 weeks, and paragraph l of subdivision 3 provides that loss of a small finger is 15 weeks, or a total of 40 weeks. The Referee awarded 27½% loss of the hand amounting to 67.1 weeks (Workmen's Compensation Law, § 15, subd 3, par q).

In *Matter of Zimmerman v Akron Falls Park* (35 AD2d 1030, revd 29 NY2d 815), the court approved a 50% schedule loss to claimant for an injury to his left shoulder incurred in a second accident after he had received an 80% loss in a prior accident resulting in amputation of his left forearm, six inches below the elbow joint, the Court of Appeals holding there was substantial medical evidence that claimant suffered a 50% loss of use of his arm attributable solely to the 1967 accident in view of the restricted motion of the left shoulder, and in spite of the prior left forearm amputation *(Matter of Fullerton v Frewsburg Furniture Co.,* 263 App Div 1029; *Matter of Earl v Davis Box Toe Co.,* 261 App Div 862).

Accordingly, the board was not limited to a total schedule loss of 100% for claimant's two injuries and could have properly sustained the report of medical examination which found a schedule loss of 27½% of the left hand.

The decision should be reversed, with costs, and the matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith.

SWEENEY, J. P., MAIN, LARKIN and MIKOLL, JJ., concur.

Decision reversed, with costs, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith.