In the Matter of the Claim of ALFRED J. SALETTA, Respondent, v ALLEGHENY LUDLUM STEEL CORPORATION, Appellant, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 11, 1978

## APPEARANCES OF COUNSEL

*Brown, Kelly, Turner, Hassett & Leach (Marvin H. Mason* of counsel), for appellant.

*Richard F. Whipple, Jr.,* for Alfred J. Saletta, respondent.

*George Cholet (Patrick E. Harnedy* of counsel), for Special Disability Fund, respondent.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

Claimant suffered a compensable back sprain while lifting materials at work on January 6, 1971. He returned to work for the same employer in September, 1971, the employer assigning him lighter duties because of his back difficulties. On January 11, 1973 claimant again injured his back in a compensable accident while lifting at work. The board determined that after the second accident the claimant suffered a 40% permanent partial disability, half attributable to the first accident, half to the second.

The board also determined that the Special Disability Fund is free from liability since the 40% disability extant after the second accident was not "materially and substantially greater than that which would have resulted from the [second] injury * * * alone". (Workmen's Compensation Law, § 15, subd 8, par [d].) The self-insured employer appeals on the ground that the board's ruling is internally inconsistent in that if (as the board held) half of the post-1973 disability is attributable to the 1971 accident, it must follow that the disability caused by the 1971 accident made the post-1973 disability "materially and substantially greater". The legal question raised by this appeal is what relationship must be established between the pre-existing disability and the "subsequent disability" in order to hold the Special Fund liable for part of said "subsequent disability". New York, conscious that a full responsibility rule requiring an employer to bear the full cost of total disability would provide such employers with a strong financial incen-

tive not to hire handicapped persons and to discharge all such workers presently employed, enacted section 15 (subd 8, par [d]) of the Workmen's Compensation Law (so-called Second Injury Funds), which, in part, states "If an employee * * * who has other permanent physical impairment incurs a subsequent disability by accident arising out of and in the course of his employment * * * resulting in a permanent disability caused by both conditions that is materially and substantially greater than that which would have resulted from the subsequent injury" then the Special Disability Fund must reimburse the employer for part of the compensation payable to the employee for his aggregate disability.

In every instance in which an employee with a substantial permanent partial disability is injured in a work-related accident causing a further permanent partial disability, the sum of the disabilities (pre-existing plus subsequent) will always be "materially and substantially greater than that which would have resulted from the subsequent injury * * * alone." Thus, if the statute is literally interpreted, every time a substantially handicapped employee suffers a further permanent disability at work the Special Fund would incur liability. But this is not the law.

█ The mere fact that the sum of the disabilities is materially greater than the subsequent disability alone is not sufficient to hold the Special Fund liable (see, e.g., *Matter of Green v Hengerer Co.,* 1 AD2d 856 [previous fracture of heel caused 35% loss of use of leg; subsequent disability from cerebral hemorrhage not greater because of leg disability]; *Matter of Ehinger v Hotel St. Regis,* 278 App Div 866 [previous loss of finger did not make injury to shoulder greater]).

The pre-existing handicap must increase the compensation liability above that which the employer would have incurred as a result of the subsequent injury alone. Only in such instances would relieving the employer of liability further the purposes of the statute since only in these instances would the employer of the handicapped person suffer a detriment absent reimbursement.

*Matter of Hye v Victor & Co.* (33 AD2d 629) illustrates this point. Claimant was blind in one eye from birth. A work-related accident caused the loss of both legs. This court affirmed (p 630) the release of the Special Disability Fund because "[t]he loss of both legs as the result of the accident rendered claimant permanently totally disabled. The pre-exist-

ing loss of vision combined with the loss of both legs could not be considered as making claimant any more disabled than permanently totally disabled. The requirement of the statute that the second accident results in a permanent disability caused by both conditions, that is materially and substantially greater than that which would have resulted from the subsequent injury alone, and has, therefore, not been met." (But, see, *Matter of Wason v Moyer & Pratt,* 274 App Div 313, 316.)

A pre-existing disability could aggravate* an employer's liability for a subsequent work-related injury in three ways.

Where the pre-existing disability is the loss of use of a function which the body is able to partially compensate for, the loss of the compensating capability would ordinarily result in a disability greater than would have been suffered by an unhandicapped employee. For example, certain schedule awards are set for the loss of one arm, leg, hand, foot or eye (Workmen's Compensation Law, § 15, subd 3, pars a-e). The awards are based on two thirds of the claimant's average weekly wage and vary from 312 weeks of compensation for the loss of a leg to 160 weeks for loss of an eye. However, the loss of both arms, legs, hands, feet or eyes results in total permanent disability (absent conclusive proof to the contrary). (Workmen's Compensation Law, § 15, subd 1.) Thus, an employee congenitally blind in the left eye will impose greater liability upon his employer if he should lose the right than would an employee with normal vision. Clearly, in these circumstances, the Special Fund would be liable to pay the compensation following the 104th week (see Workmen's Compensation Law, § 15, subd 8, par [d]; 2 Larson, Workmen's Compensation Law, § 59.10).

The Special Fund would also be liable where the pre-existing condition renders the employee vulnerable or more vulnerable to the work-related accident than would be an unhandicapped employee (e.g., *Matter of Durdaller v Liberty Prods. Corp.,* 16 AD2d 849, affd 12 NY2d 787 [obesity due to congential glandular malfunction caused accidental injury to be more disabling than it would have been to a person of normal weight; Special Fund liable]; *Matter of Dugan v Muller Dairies,* 282 App Div 590 [pre-existing vascular disease made

---

* By "aggravate" is meant to cause the employer's compensation liability to be greater than it would have been if the injured employee was free from any preexisting disability at the time the work-related accident occurred.

claimant vulnerable to cerebral hemorrhage; Special Fund liable]).

A third manner of imposing liability on the fund may exist, namely, where the pre-existing disability causes the work-related accident. An example of this would be a fall at work by a one-legged employee in circumstances in which a normal employee would not have fallen. It is not now necessary to decide if this third sort of occurrence could impose liability on the fund since the case at bar does not involve such a situation.

■ The board was justified in finding that the employer did not establish any of these three connections between the claimant's pre-existing back disability and the further disability incurred in January, 1973. The medical evidence does not indicate the precise nature of the pre-existing disability. The doctors merely testified that the claimant must have suffered some back injury in the 1971 accident since the claimant experienced unprecedented pain after that accident. Similarly, the doctors were unable to explain the physiological basis for the further disability incurred in 1973. On such a record, we cannot say that the 1971 disability caused the disability resulting from the 1973 accident to be "materially and substantially greater" than the 1973 accident would have caused to a healthy employee.

The decision should be affirmed, with costs to the Special Disability Fund against the employer.

KANE, MAIN, LARKIN and MIKOLL, JJ., concur.

Decision affirmed, with costs to Special Disability Fund against the employer.