<hr />

(December 14, 1978)

In the Matter of the Claim of FRANCISCO GARCIA, Respondent, v

BRASSIERE RESTAURANT et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed April 16, 1976, and a supplemental decision filed August 8, 1977, which relieved the Special Fund from liability. On August 11, 1970, claimant, who had a pre-existing brain condition known to the employer, sustained a lacerated scalp at work when a small piece of ceiling fell a short distance, striking him in the head. He was treated and released from a hospital where X rays were negative. Subsequently, claimant began to exhibit signs of cerebellar degeneration and he never returned to work. He is permanently and totally disabled. In 1975, claimant was examined by an impartial neurologist appointed by the board. In his opinion, claimant is suffering from (1) a posttraumatic seizure disorder unrelated to the accident of record (the pre-existing condition), (2) a progressive degenerative disease of the spino-cerebellar pathways which made its clear-cut appearance only several months to years after the accident, and (3) continuing complaints of pain in the head and neck which may well represent sequellae of the accident. The neurologist concluded that claimant's pains in the head and neck, which are relatively mild, are, in and of themselves, a minor partial disability and are the only findings which can be related causally to the accident of record. Based upon these findings, the board discharged the Special Fund and this appeal ensued. Section 15 (subd 8, par [d]) of the Workers' Compensation Law creates liability for the Special Fund where an employee who has a permanent physical impairment "incurs a subsequent disability by accident arising out of or in the course of his employment * * * resulting in a permanent disability caused by both conditions that is materially and substantially greater than that which would have resulted from the subsequent injury * * * alone". As explained in *Matter of Saletta v Allegheny Ludlum Steel Corp.* (62 AD2d 360, 362): "The mere fact that the sum of the disabilities is materially greater than the subsequent disability alone is not sufficient to hold the Special Fund liable * * * The pre-existing handicap must increase the compensation liability above that which the employer would have incurred as a result of the subsequent injury alone." This is a question of fact for the board *(Matter of Shirley v Triangle Maintenance Corp.,* 41 AD2d 800), and we find substantial evidence to support the board's determination herein. The impartial specialist found no evidence that claimant's pre-existing brain condition combined with the minor head injury to cause a permanent disability greater than that which would have resulted from the head injury alone, but rather he concluded that claimant was permanently totally disabled by a progressive degenerative disease of the spino-cerebellar pathways which appeared after the accident. It should be noted that the pre-existing condition of which the employer had knowledge was the posttraumatic seizure disorder, and there is nothing in the record which would indicate, as appellants suggest, that the progressive degenerative disease of the spino-cerebellar pathways was causally related to this pre-existing condition. Decisions affirmed, with costs to respondents filing briefs against the appellants. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.