■ In the Matter of the Claim of PATRICK PELLEGRINO, Respondent, v TEXTILE PRINTS CORP., et al., Appellants, and SPECIAL DISABILITY FUND,

Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed April 21, 1980 and amended September 24, 1980, which awarded claimant 90% scheduled loss of use of his right arm and discharged the Special Fund from liability for payment of the scheduled award. Claimant sustained a work-related laceration of his upper right arm in 1966 for which he was awarded compensation. In 1967, his injury was, without contest, classified as a 20% permanent partial schedule loss of use of the right arm. A schedule award was made and the case closed. On September 6, 1968, claimant was again injured while doing the same work, this time to his right hand and lower right arm. In 1979, the injury was classified as a 90% schedule loss of the use of the right arm due solely to the second accident; Special Fund was discharged and the case was closed. The decision appealed from, as amended, states: "The Board Panel find, based upon the testimony of Dr. Saul P. Lehv and C-71 of Dr. Simon, that the claimant's accident of September 6, 1968 caused a 90% schedule loss of use of the arm; further that the schedule loss of use is due solely to the accident of 1968 which involved the hand which had not been injured in 1966 and the Special Fund should be discharged from liability under Section 15-8." The resultant effect of the instant injury upon the entire arm justified the award for loss of the arm. Medical evidence in the record indicates that the prior injury was different from the instant injury. The medical reports show that the 1968 injury to the hand was superimposed upon the prior injury and resulted in greater disability to the entire arm (Workers' Compensation Law, § 15, subd 8, par [d]). The issue as to the liability of the Special Disability Fund is not whether the sum of disability from two accidents is greater than that from the first alone, but whether the pre-existing handicap has increased the compensation liability of the employer from that which it would incur solely as the result of the second injury (Matter of Garcia v Brassiere Rest., 66 AD2d 930; Matter of Saletta v Allegheny Ludlum Steel Corp., 62 AD2d 360). Further, the board is not limited to a total schedule loss of 100%, but where supported by substantial medical evidence may assess each injury individually (Matter of Zimmerman v Akron Falls Park—Erie County, 29 NY2d 815; Matter of Bazzano v Ryan & Sons, 62 AD2d 260). The board's decision is supported by substantial evidence and must, therefore, be affirmed (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181). Decision affirmed, with one bill of costs to respondents filing briefs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.