■ In the Matter of the Claim of THOMAS MASTROGIOVANNI, Respondent, v DIC UNDERHILL et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed April 17, 1980. Claimant, a labor fore-man, injured his back while lifting a "buggy ram" on July 3, 1975. He returned to work the next day. He again injured his back on October 7, 1975 and was hospitalized. An award was made for total disability for the period of October 8, 1975 to January 26, 1976 and for partial disability thereafter. The accidents were later restored to the calendar. Subsequently, the board, in its final decision, stated: "Upon review, the Board Panel finds carrier's late application for review should be entertained and finds based upon the credible medical evidence especially the testimony of Doctors Kessler (sic) and Hochberg, that the accident of July 3, 1975 placed a 25% responsibility with respect to claimant's over-all disability and the October 7, 1975 accident, a 75% respon-sibility with respect to claimant's over-all disability. Based on the credible medical testimony, the Board Panel finds claimant's condition following the July 3, 1975 accident was not made materially and substantially greater by reason of any prior permanent condition and therefore the accident of July 3, 1975 is not subject to section 15-8d *(Saletta* v. *Allegheny Ludlum Steel Corp.,* 62 AD2d 360). The accident of October 7, 1975 is subject to the provisions of section 15-8d as claimant's condition was materially and substantially wors-ened by reason of the October 7, 1975 accident." This appeal ensued. The carrier and employer contest the apportionment and reimbursement under the Workers' Compensation Law. Specifically, they contend that claimant's pre-existing condition prior to his first accident of July 3, 1975 should be held responsible for a portion of his disability and that the accident of July 3, 1975 should be subject to reimbursement under subdivision 8 of section 15 of the Workers' Compensation Law. Considering the record in its entirety, we are of the view that there is substantial evidence to support the board's decision and there must be an affirmance *(Matter of Saletta v Allegheny Ludlum Steel Corp.,* 62 AD2d 360, mot for lv to app den 45 NY2d 711; *Matter of Saba v Adam's Refrigerated Trucking,* 61 AD2d 858; *Matter of Rados v Woodlawn Water Supply Dist.,* 31 AD2d 879). Decision affirmed, with one bill of costs to respondents filing briefs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.