■ In the Matter of the Claim of VERNON KEESLER, Appellant, v DUNN & MCCARTHY, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. (And Two Other Related Claims.)—Kane, J. Appeal from a decision of the Workers' Compensation Board, filed February 18, 1986.

On June 26, 1978, claimant sustained a compensable back injury which ultimately resulted in a laminectomy at L5-S1 level on the right. On two prior occasions, June 18, 1962 and March 22, 1969, claimant sustained compensable injuries to his back, each of which required similar surgery, the first at L5-S1 left, the second at L4-5 left. These two prior cases were closed by the Workers' Compensation Board on October 23, 1974 following a lump-sum nonscheduled adjustment in the

amount of $10,000, with a finding of "mild permanent partial disability", 50% allocated to each case.

In the decision appealed from, the Board found "no medical evidence of a change in condition relating to the 1962 and 1969 accidental injuries that was not contemplated at the time of the October 1974 lump sum settlement", and affirmed the decision of the Workers' Compensation Law Judge dated August 7, 1984 which closed the case "on prior findings". Although it is not clear from this record what constitutes "prior findings", it does appear that the July 31, 1984 testimony of Dr. Paul De Luca, who performed the last of the three laminectomies, established that claimant is now "totally disabled on a permanent basis" and that his disability is attributable "50 percent to 1978 and 25 percent to [1962] and 25 percent to [1969]". It should be noted that Dr. De Luca, at the time of the 1981 operation, found that "there was considerably more scar tissue than one usually finds in this type of situation", and that the 1978 accident and the surgery he performed, which included consideration of the preexisting scar tissue, was the cause of the ensuing subsequent greater disability which would not have been the same but for claimant's predisposing condition resulting from the two prior surgical interventions.

Since it appears that the fibrosis and scar tissue found by Dr. De Luca were attributable to the prior surgery and that claimant's previous condition predisposed him to the injury sustained in 1978, we cannot conclude, from the record before us, that the present disability of claimant is attributable solely to the accident of 1978. Accordingly, a reopening of prior lump-sum cases is indicated to consider, among other things, the liability of the Special Disability Fund (see, Workers' Compensation Law § 15 [5-b], [8] [d]; *Matter of Saletta v Allegheny Ludlum Steel Corp.*, 62 AD2d 360, lv denied 45 NY2d 711; *Matter of Lawton v General Motors Corp. Chevrolet-Tonawanda Div.*, 13 AD2d 587, 607, lv denied 9 NY2d 613; *Matter of Minch v Eber Bros. & Co.*, 12 AD2d 827). In sum, this case requires further development of the record on the issues discussed, as well as the apparent uncertainty of responsibility for the expense of the most recent surgery and the rate of compensation awarded.

Decision reversed, with costs against respondents filing briefs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith. Mahoney, P. J., Kane and Levine, JJ., concur.

Weiss and Casey, JJ., dissent and vote to affirm in a memo-

randum by Weiss, J. Weiss, J. (dissenting). We respectfully dissent. There is no dispute that claimant's condition has changed "materially and substantially" since the 1974 lump-sum settlement. The pivotal question is whether this change is due to the third accident or, at least in part, a consequence of the earlier disability "not contemplated at the time of the adjustment" (Workers' Compensation Law § 15 [5-b]) such that an apportionment between accidents is required. Dr. De Luca essentially testified that claimant's disability would probably have remained at the same level if the third accident did not occur. From this testimony the Board could readily infer that the new, intervening third accident precipitated the change in claimant's condition from a "mild permanent partial disability" to one of total disability. In such event, the closed cases should not be opened for reapportionment (see, Matter of Shafaransky v Cosmos Footware Corp., 277 App Div 803; cf., Matter of Rizzo v Glenwood Clothes, 33 AD2d 611; Matter of Minch v Eber Bros. & Co., 12 AD2d 827).