■ In the Matter of the Claim of FRANCISCO SUAREZ, Respondent, v FREEPORT MEMORIAL LIBRARY et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Mercure, J.

On October 17, 1979, claimant sustained a compensable back injury. The employer's workers' compensation carrier gave notice of a claim for reimbursement out of the Special Disability Fund pursuant to Workers' Compensation Law § 15 (8) (d), alleging a 1965 laminectomy as a previous physical impairment. Following a hearing and submission of medical reports, a Workers' Compensation Law Judge found that the carrier was entitled to reimbursement from the Special Dis-

ability Fund and, upon appeal, the Workers' Compensation Board affirmed. This appeal ensued.

We affirm. The testimony of claimant's supervisor, the medical reports annexed to the notice of claim for reimbursement, the October 20, 1980 operative report of Dr. I. Melbourne Greenberg and the report of Dr. Carl Weiss provide more than adequate support for the Board's finding that the case comes within the provision of Workers' Compensation Law § 15 (8) (d). The testimony established that the employer was aware of the back condition, that it concerned claimant and caused him to be "careful", and that the employer did not assign him the minimal amount of heavy work that came up as a result, thereby satisfying the requirement of a preexisting permanent physical impairment which was or was likely to be a hindrance or obstacle to employment within the scope of the statutory provision *(see,* Workers' Compensation Law § 15 [8] [b]; *Matter of Montag v Columbia Corp.,* 53 AD2d 968, *lv denied* 40 NY2d 803).* The fact that the injury was to the very same vertebra and disc interspace involved in surgery in 1965, particularly in view of the removal of preexisting scar tissue in the second operation *(see, Matter of Keesler v Dunn & McCarthy,* 132 AD2d 873, *appeal dismissed* 70 NY2d 927), persuasively supports a finding that the preexisting condition rendered claimant vulnerable or more vulnerable to the work-related accident than would be an unhandicapped employee *(see, Matter of Saletta v Allegheny Ludlum Steel Corp.,* 62 AD2d 360, 363, *lv denied* 45 NY2d 711).

Last, we find no support for the proposition that a carrier's failure to seek apportionment under Workers' Compensation Law § 15 (7) will estop it from claiming reimbursement out of the Special Disability Fund pursuant to Workers' Compensation Law § 15 (8) *(see, Matter of Conway v Aluminum & Brass Co.,* 279 App Div 82, 85, *affd* 304 NY 571). Subdivisions (7) and (8) of Workers' Compensation Law § 15 serve entirely different purposes *(see, Matter of Engle v Niagara Mohawk Power Corp.,* 6 NY2d 449, 453). The former is intended to limit the liability of a compensation carrier to the extent that a prior injury contributed to a present impairment *(see, supra).* The latter seeks to encourage the hiring of the handicapped *(see, Matter of Mastrodonato v Pfaudler Co.,* 307 NY 592, 596-597).

---

* Workers' Compensation Law § 15 (8) (d) was amended, effective July 27, 1987, so as to eliminate any requirement of "knowledge on the part of the employer as to the existence of [the] pre-existing permanent physical impairment" (L 1987, ch 422, § 1). In this case, application of the former law brings about the same result as would be reached under the existing law.

Decision affirmed, wihtout costs. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.