■ In the Matter of the Claim of MARJORIE M. EIMERS, Respondent, v LEE'S RESTAURANT et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Harvey, J. Appeals (1) from a decision of the Workers' Compensation Board, filed June 22, 1988, and (2) from an amended decision of the Board, filed January 25, 1989.

On June 12, 1978, claimant fell off a stool and broke her right ankle while she was working as a waitress in a restaurant. The employer's workers' compensation insurance carrier

immediately began compensation payments. Claimant had previously injured her right knee in 1975 and the carrier consequently served notice of its intention to seek reimbursement from the Special Disability Fund (hereinafter the Fund) for its payments pursuant to the so-called "Second-Injury Law" (see, Workers' Compensation Law § 15 [8] [d]).* Initially, compensability and a 40% schedule loss of use of the right foot were found and determination of the reimbursement issue was held in abeyance. The case was restored for findings as to possible further disability and determination of the reimbursement issue. A Workers' Compensation Law Judge (hereinafter WCLJ) subsequently found that Workers' Compensation Law § 15 (8) (d) was applicable. The award was eventually increased to a 50% schedule loss of use of the right foot. Subsequently, a question of recovery under Workers' Compensation Law § 15 (3) (v) was raised, which allows for additional compensation for "impairment of wage earning capacity" after termination of an award for loss of 50% or more use of a foot, provided such impairment is due "solely" to that loss. The WCLJ, finding that claimant's preexisting knee injury contributed to her impairment of wage-earning capacity, disallowed recovery under Workers' Compensation Law § 15 (3) (v).

An appeal was taken to the Workers' Compensation Board, which rescinded the decision and restored the case for development of the facts as to claimant's eligibility for compensation pursuant to Workers' Compensation Law § 15 (3) (v). The WCLJ subsequently found that the impairment of claimant's wage-earning capacity was due solely to the ankle injury and that claimant was eligible for compensation under Workers' Compensation Law § 15 (3) (v). He also decided that the earlier finding that Workers' Compensation Law § 15 (8) (d) applied did not preclude this relief and held that the Fund was to reimburse for payments beyond 104 weeks. The Fund appealed to the Board, contending that recovery under Workers' Compensation Law § 15 (3) (v) precluded reimbursement under Workers' Compensation Law § 15 (8) (d). In an amended decision, the Board ultimately rescinded the determination that the Fund was liable for reimbursement, finding, "based

---

* Workers' Compensation Law § 15 (8) (d) authorizes reimbursement from the Fund for payments made beyond 104 weeks if it is shown that a claimant with a "permanent physical impairment incurs a subsequent disability by accident arising out of and in the course of his employment * * * resulting in a permanent disability caused by both conditions that is materially and substantially greater than that which would have resulted from the subsequent injury * * * alone".

on a review of the whole record, that claimant's pre-existing knee condition did not increase or contribute to the employer's compensation liability under the schedule or [Workers' Compensation Law § 15 (3) (v)] awards". The employer and its carrier now appeal.

We affirm. The Board made a factual determination in its amended decision that claimant's preexisting knee injury did not increase the employer's compensation liability and, therefore, the Fund was not liable (see, Matter of Saletta v Alleghany Ludlum Steel Corp., 62 AD2d 360, 362, lv denied 45 NY2d 711). The decision also adopted an earlier finding that claimant's impairment of wage-earning capacity was due solely to the injury to her right foot. Both of these findings are amply supported by substantial evidence in the record. Nonetheless, the employer and its carrier challenge the Board's determination, arguing that a finding of "physical impairment" under Workers' Compensation Law § 15 (8) (d) may not always equate with a finding of "impairment of wage earning capacity" under Workers' Compensation Law § 15 (3) (v) (see, Matter of Ryciak v Eastern Precision Resistor, 12 NY2d 29; Matter of Mastrodonato v Pfaudler Co., 307 NY 592). Regardless of the merit of this observation, however, an examination of the Board's decision reveals that the Board made no such legal conclusion and simply decided the case on the facts and determined that the Second-Injury Law did not apply in this instance. Therefore, since the precise legal question posed by the employer and its carrier is not before us, there is no reason for it to be addressed at this time.

Decisions affirmed, with costs to the Special Disability Fund. Kane, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.