■ In the Matter of the Claim of RONALD PORTER, Appellant, v D.A. COLLINS CONSTRUCTION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [814 NYS2d 304]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed July 3, 2002, which ruled that claimant was not entitled to additional workers' compensation benefits pursuant to Workers' Compensation Law § 15 (3) (v).

Claimant was involved in a 1968 nonwork-related motor vehicle accident in which he injured both of his legs. While at work in 1988, claimant sustained a left hip injury and applied for workers' compensation benefits. The Workers' Compensation Board ruled that claimant's disability was causally related to his work injury and, as a result, claimant was awarded a leg schedule loss of use award for the hip injury. Upon exhaustion of his schedule award, claimant applied for additional workers' compensation benefits under Workers' Compensation Law § 15 (3) (v). Ultimately, the Board ruled that claimant's loss of earning capacity was not due solely to his compensable hip/leg injury and denied his application. Claimant appeals and we now affirm.

An award of additional compensation pursuant to Workers' Compensation Law § 15 (3) (v) is payable for the impairment of wage earning capacity following the termination of certain schedule loss of use awards "provided such impairment of earning capacity shall be due *solely*" to the compensable injury (emphasis added). Here, the undisputed medical evidence demonstrates that claimant's disability stemmed in part from the injuries he suffered in his 1968 motor vehicle accident. Claimant's treating physicians testified that he had advanced pathology in the left hip which derived from the 1968 accident, and the employer's independent medical expert confirmed that claimant had a preexisting degenerative condition that was secondary to the trauma from the prior accident. In light of the foregoing, the Board's determination that claimant's wage earning capacity was not impaired solely due to his compensable injury is supported by substantial evidence and will not be disturbed (*compare Matter of Marcera v Delco Prods., Div. of*

*Gen. Motors Corp.,* 218 AD2d 888 [1995], *lv dismissed* 87 NY2d 896 [1995], *lv denied* 88 NY2d 804 [1996]; *Matter of Eimers v Lee's Rest.,* 162 AD2d 850 [1990]).

Crew III, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.