█ In the Matter of the Claim of JERALD LESLIE, Appellant, v EASTMAN KODAK COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [933 NYS2d 755]—

Rose, J.

Claimant sustained work-related injuries to both shoulders in March 1999 and underwent operations in April 2004 and September 2004. In February 2006, he was awarded a 55% schedule loss of use of his left arm and a 52.5% schedule loss of use of his right arm, entitling him to 355 weeks of benefits. When the schedule awards were exhausted, claimant applied for additional workers' compensation benefits pursuant to Workers' Compensation Law § 15 (3) (v). In February 2009, the Workers' Compensation Board ruled that claimant was eligible for benefits and returned the case to the calendar to establish the appropriate awards. However, the Board thereafter rescinded that decision, further considered the matter and issued a March 2010 decision in which it found that claimant was ineligible for benefits inasmuch as the impairment of his earning capacity was not due solely to his established injury. Claimant appeals and we now affirm.

Following the exhaustion of a schedule loss of use award of 50% or greater, additional compensation is payable if the claimant can establish in the first instance that a continuing impairment of his or her earning capacity is due solely to the established injury (see Workers' Compensation Law § 15 [3] [v]; Matter of Ramroop v Flexo-Craft Print., Inc., 41 AD3d 1055 [2007], affd 11 NY3d 160 [2008]; Matter of Porter v D.A. Collins

*Constr.*, 28 AD3d 951, 951-952 [2006]). Here, claimant testified that, after being laid off by the employer, he attempted to obtain employment in both real estate sales and tax preparation but was unable to do so because of the poor economy. Claimant further testified that he was currently employed as a security guard for 16 hours per week and was available to work more, but the employer had no additional work available. In light of such testimony, substantial evidence supports the Board's decision that the impairment of claimant's earning capacity is due in part to economic factors and not solely to his established injury (*see Matter of Ramroop v Flexo-Craft Print., Inc.*, 41 AD3d at 1055; *Matter of Porter v D.A. Collins Constr.*, 28 AD3d at 951-952).

Spain, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.