Matter of Flowers v Alkem Plumbing Inc. (2021 NY Slip Op 04941)





Matter of Flowers v Alkem Plumbing Inc.


2021 NY Slip Op 04941


Decided on September 2, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 2, 2021

532410
[*1]In the Matter of the Claim of Anthony Flowers, Appellant,
v
Alkem Plumbing Inc. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:August 19, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.

Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, New York City (Michael K. Gruber of counsel), for appellant.
Tanisha S. Edwards, State Insurance Fund, New York City (Susan B. Marris of counsel), for Alkem Plumbing Inc. and another, respondents.



Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed April 29, 2020, which ruled that claimant was not entitled to additional workers' compensation benefits pursuant to Workers' Compensation Law § 15 (3) (v).
In 2012, claimant, a plumber, was injured while moving/pulling a manhole cover. His subsequent claim for workers' compensation benefits was established for an injury to his right wrist, and his average weekly wage was set for purposes of awarding temporary benefits. In May 2016, the Workers' Compensation Board ultimately found that claimant's injury to his right wrist (hand) was amenable to an 85% schedule loss of use award (see Workers' Compensation Law § 15 [3] [c]), which was made to claimant. Thereafter, based upon a June 2019 medical narrative from claimant's treating physician stating that claimant is unable to be gainfully employed due to the injury to his right wrist, claimant sought a hearing to address whether he was entitled to additional workers' compensation benefits pursuant to Workers' Compensation Law § 15 (3) (v). Following that hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant was eligible for such benefits. Upon administrative review, the Board reversed, finding that claimant is ineligible for additional compensation under Workers' Compensation Law § 15 (3) (v) because he failed to demonstrate that the impairment of his earning capacity is due solely to his established right wrist injury. Claimant appeals.
We affirm. "Following the exhaustion of a schedule loss of use award of 50% or greater [loss of use for the arm, leg, hand or foot], additional compensation is payable if the claimant can establish in the first instance that a continuing impairment of his or her earning capacity is due solely to the established injury" (Matter of Leslie v Eastman Kodak Co., 89 AD3d 1300, 1300 [2011]; see Workers' Compensation Law § 15 [3] [v]; Matter of Ramroop v Flexo-Craft Print., Inc., 41 AD3d 1055, 1055 [2007], affd 11 NY3d 160 [2008]; Matter of Porter v D.A. Collins Constr., 28 AD3d 951, 951-952 [2006]; see generally Matter of Mancini v Office of Children & Family Servs., 32 NY3d 521, 526-528 [2018]).[FN1] The question of whether a claimant's impairment of his or her earning capacity is due solely to his or her established injury is a factual one for the Board to resolve, and its determination will not be disturbed when supported by substantial evidence (see Matter of Florentino v Mount Sinai Med. Ctr., 126 AD3d 1279, 1280 [2015], lv denied 26 NY3d 907 [2015]).
Claimant testified that he attempted to obtain employment in various job settings, including plumbing, construction, warehouses and security but that he was unable to do so because of his wrist injury. He also testified, however, that he has "bad knees" preventing him from standing, that he does not read or write well due to his limited education and that he is not adept at using a computer. In light of the foregoing, we [*2]are constrained to find that substantial evidence supports the Board's decision that the impairment of claimant's earning capacity is due, in part, to other factors and not "due solely" to his established injury (Workers' Compensation Law § 15 [3] [v]; see Matter of Leslie v Eastman Kodak Co., 89 AD3d at 1301; Matter of Ramroop v Flexo-Craft Print., Inc., 41 AD3d at 1055; Matter of Porter v D.A. Collins Constr., 28 AD3d at 951; compare Matter of Marcera v Delco Prods., Div. of Gen. Motors Corp., 218 AD2d 888, 889-890 [1995], lv dismissed 87 NY2d 896 [1995], lv denied 88 NY2d 804 [1996]).
Egan Jr., J.P., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: In order to qualify for additional benefits pursuant to Workers' Compensation Law § 15 (3) (v), a claimant must also show that he or she "participate[d] in a [B]oard approved rehabilitation program" or was deemed "by the [B]oard not to be a feasible candidate for rehabilitation" (Workers' Compensation Law § 15 [3] [v]).