Matter of Gonzalez v Chester U.F.S.D. (2023 NY Slip Op 02919)

Matter of Gonzalez v Chester U.F.S.D.

2023 NY Slip Op 02919

Decided on June 1, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 1, 2023

534964
[*1]In the Matter of the Claim of Lisa Gonzalez, Appellant,
v
Chester U.F.S.D., Respondent. Workers' Compensation Board, Respondent.

Calendar Date:May 3, 2023

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Ceresia, JJ.

Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, Brooklyn (Michael K. Gruber of counsel), for appellant.
Sullivan Keegan & Oliver, LLP, Albany (John M. Oliver of counsel), for Chester U.F.S.D., respondent.

Ceresia, J.
Appeal from a decision of the Workers' Compensation Board, filed September 15, 2021, which ruled that claimant was not entitled to additional workers' compensation benefits pursuant to Workers' Compensation Law § 15 (3) (v).
In 2006, claimant suffered a work-related accident and her claim for workers' compensation benefits was established for an injury to her right ankle and, subsequently, a consequential exacerbation of a prior injury to her right knee. In 2020, the Workers' Compensation Board found that claimant had a 52% schedule loss of use (hereinafter SLU) of the right foot and a 40% SLU of the right leg. After the termination of her SLU awards, claimant applied for additional workers' compensation benefits under Workers' Compensation Law § 15 (3) (v). Following a hearing, a Workers' Compensation Law Judge found that claimant was ineligible for additional compensation under Workers' Compensation Law § 15 (3) (v) because, by failing to search for any employment, she had not shown that the impairment of her wage earning capacity was due solely to her established right foot injury. The Board affirmed that determination and claimant appeals.
We affirm. "Following the exhaustion of a[n] [SLU] award of 50% or greater loss of use for the arm, leg, hand or foot, additional compensation is payable if the claimant can establish in the first instance that a continuing impairment of his or her earning capacity is due solely to the established injury" (Matter of Flowers v Alkem Plumbing Inc., 197 AD3d 1380, 1381 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]; see Workers' Compensation Law § 15 [3] [v]; Matter of Leslie v Eastman Kodak Co., 89 AD3d 1300, 1300 [3d Dept 2011]).[FN1] "The question of whether a claimant's impairment of his or her earning capacity is due solely to his or her established injury is a factual one for the Board to resolve, and its determination will not be disturbed when supported by substantial evidence" (Matter of Flowers v Alkem Plumbing Inc., 197 AD3d at 1381-1382 [citation omitted]).
Claimant argues that the Board erred in finding that, by failing to search for employment, she had not demonstrated that the impairment of her wage earning capacity was solely attributable to her established injury. Initially, contrary to claimant's contention, the Board's inquiry is not limited to the consideration of medical evidence (see Matter of Flowers v Alkem Plumbing Inc., 197 AD3d at 1382 [impairment of the claimant's wage earning capacity was due, in part, to a lack of literacy and computer skills and a limited education]; Matter of Leslie v Eastman Kodak Co., 89 AD3d at 1300 [impairment of the claimant's wage earning capacity was due, in part, to "economic factors"]). That said, the record reflects that both physicians who examined claimant on behalf of the employer, in 2019 and 2020 respectively, opined that claimant was able to work, albeit with some restrictions. The physician who examined claimant in 2019 [*2]also reported that claimant informed him that she had not worked since 2015 and that "she views herself as retired" and claimant testified in March 2021 that she had not applied for any jobs. Under these circumstances, the Board's determination that the impairment of claimant's wage earning capacity was partially related to her lack of any attempt to find work, and not due solely to her established injury so as to qualify for additional compensation pursuant to Workers' Compensation Law § 15 (3) (v), is supported by substantial evidence and will not be disturbed (see Matter of Flowers v Alkem Plumbing Inc., 197 AD3d at 1382; Matter of Leslie v Eastman Kodak Co., 89 AD3d at 1300; Matter of Ramroop v Flexo-Craft Print., Inc., 41 AD3d 1055, 1055 [3d Dept 2007], affd 11 NY3d 160 [2008]; compare Matter of Marcera v Delco Prods., Div. of Gen. Motors Corp., 218 AD2d 888, 889-890 [3d Dept 1995], lv dismissed 87 NY2d 896 [1995], lv denied 88 NY2d 804 [1996]). Claimant's remaining contentions have been considered and found to be without merit.
Egan Jr., J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: In order to be eligible for additional compensation, claimants are also required "to participate in a [B]oard approved rehabilitation program; or shall have demonstrated cooperation with efforts to institute such a [B]oard approved program and shall have been determined by the [B]oard not to be a feasible candidate for rehabilitation" (Workers' Compensation Law § 15 [3] [v]; see Matter of Mancini v Office of Children & Family Servs., 32 NY3d 521, 526-527 [2018]; Matter of Ramroop v Flexo-Craft Print., Inc., 11 NY3d 160, 167 [2008]).