■ In the Matter of the Claim of DORA RUBIN, Appellant, against GOLD-BLATT & SMITH, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board which reversed a referee's posthumous schedule and protracted temporary disability award, and affirmed the disallowance of a death claim. Decedent suffered an injury to his right foot when he stepped on a nail. He had a pre-existing condition of diabetes and arteriosclerosis. The right foot became gangrenous and a mid-thigh amputation of the right leg followed. On October 17, 1949 a referee found the decedent to be permanently disabled, and closed the case with a direction that payments of compensation in the sum of $23.92 a week were to continue until there was evidence of a change in conditions. Subsequently one of the toes on the left foot became gangrenous and decedent died on April 29, 1952. His death was attributed to gangrene and the effects of diabetes mellitus and coronary sclerosis. His widow, the present claimant, filed a claim for death benefits which a referee disallowed on the ground there was no causal connection between decedent's accident and his death. In the disability claim however the referee reclassified the disability and made a schedule award of 100% loss of the use of the right leg for 288 weeks, plus 620 weeks protracted temporary total disability. Appellant claims that the reclassification of the disability case was made with the consent of both sides, and at the suggestion of the referee that such procedure be adopted in lieu of the death claim. Appellant further claims that in view of this agreement she did not present additional medical testimony, although she had previously been granted time in which to do so, and rested her case. The record fails to reveal any agreement as to a schedule award or for protracted temporary total disability so far as we have been able to find, and in any event we do not think that any such arrangement, if made, would have been binding on the board. The proof indicates beyond question that decedent had been found totally disabled on October 17, 1949, and there is no proof of a change in condition, or that the previous classification was erroneous and not in the interest of justice. Hence the board acted well within its power when it denied reclassification. It was acting in a factual area under statutory authority, and its action raised no legal issue upon which this court might reverse (Workmen's Compensation Law, § 15, subd. 6-a). So far as the death claim is concerned there was substantial evidence to sustain the finding that no causal connection existed. Decision affirmed, without costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.