In the Matter of the Claim of JAMES DAVIS, Respondent, v. PRUDENTIAL INSURANCE COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—

Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur; Herlihy, P. J., dissents and votes to reverse and dismiss the claim, in the following memorandum: The decision appealed from should be reversed upon the law and the claim dismissed. Upon the present record the injury sustained is in no way the result of the environment in which his employment cast him. There was nothing inherent in the recreational activity which could have been reasonably foreseen or expected as hazardous. The injury is completely unrelated with anything other than the purely personal activity of dancing and apparently resulted from such motions as are connected therewith. While the activity itself is not an unreasonable activity (cf. *Matter of Hancock* v. *Ingersoll-Rand Co.,* 21 A D 2d 703), it does not appear that it had any connection with the employment except by the fortuitous circumstance that the claimant's supervisor was present. The fact that an otherwise purely personal activity has *some* employment connection is not sufficient to sustain a finding that the accident either occurred in or arose out of the employment (*Matter of Kaplan* v. *Zodiac Watch Co.,* 20 N Y 2d 537). While the activity here is factually different than that considered in *Matter of Kaplan* v. *Zodiac Watch Co. (supra)*, its employment relationship is not such as to make it other than a personal activity and the particular accident has no actual relationship whatsoever to the employment. Indeed, in *Kaplan* it appeared that the activity was directly related to the employment as a factual matter and nevertheless it was held that liability would not ensue for an otherwise purely personal act.