■ In the Matter of the Claim of WILLIAM F. REILLY, JR., Respondent, v

New York Telephone Company, Appellant. Workmen's Compensation Board, Respondent. (Action No. 1.) In the Matter of the Claim of William F. Reilly, Jr., Appellant, v New York Telephone Company, Respondent. Workmen's Compensation Board, Respondent. (Action No. 2.)—Appeal in Action No. 1 by self-insured employer from a decision of the Workmen's Compensation Board, filed December 9, 1975. Appeal in Action No. 2 by claimant from a decision of the Workmen's Compensation Board, filed June 6, 1975, which disallowed a claim for compensation under the Workmen's Compensation Law. This is a consolidated appeal from two distinct decisions of the Workmen's Compensation Board involving two industrial accidents. Both claims were consolidated for the purposes of the hearing before the board and for this appeal. The self-insured employer appeals from an adverse determination in case No. 56613673 (hereinafter the 1966 case), and claimant appeals from an adverse determination in case No. 57316778 (hereinafter the 1973 case). In both cases, the evidence was identical. In the 1973 case, the referee made an award for reduced earnings for the period February 25, 1974 to September 20, 1974. This decision was reversed by the board in a decision filed June 6, 1975. In the 1966 case, the board in a decision filed December 9, 1975, affirmed an award to claimant for reduced earnings for the period February 26, 1974 to September 20, 1974. At the outset we note that either decision, if it stood alone, could be affirmed as being supported by substantial evidence under well-settled rules governing this court's scope of review. However, when both cases are taken together, involving, as they do, claims for reduced earnings for virtually identical time periods, they appear to be inconsistent with each other so as to warrant remittal to the board for clarification. This is so notwithstanding that each case involves a distinct industrial accident. Claimant began work for the employer telephone company in 1945 initially in the capacity of a draftsman and then in the capacity of an installer-repairman until 1966 at a base salary of $239.50 per week. On October 15, 1966, he fell 25 feet off of a telephone pole while attempting to pull wires up the pole and severely injured his back. He first returned to work on November 7, 1966 but suffered frequent relapses and received compensation benefits intermittently from 1966 through 1972 for periods of causally related total disability and causally related reduced earnings. In a decision dated June 3, 1969, claimant was adjudged, without contest by the telephone company, to have a permanent partial disability as a result of the injury sustained. Following this injury, claimant was medically advised that he should not climb or pull heavy cable. He was given a clerk's job in the record department but claimant did not find this work compatible with his temperament and had difficulty understanding it. Pursuant to an agreement between the physician, the union representative, and claimant's supervisor, claimant was transferred to the position of walking-installer. Claimant had difficulty performing this job because he had to carry a bag containing his tools which weighed about 25 to 30 pounds. This aggravated his back condition. Claimant worked at this job for a period of one year and was then transferred to the Albany Medical Center where he performed light installation work. Claimant was employed in this capacity for approximately three years and received reduced earnings compensation during this period. The case was closed December 27, 1972. In May, 1973 claimant was transferred from the Albany Medical Center and was instructed to report to the Latham central office to dismantle the ironwork and remove heavy cables and a 12-foot rolling ladder in the frame room. Claimant testified he was not given a reason for this transfer which was contrary to the physician's orders that he

was not to lift heavy objects or pull cable. Claimant was wearing a back brace at this time and complained to his supervisors that the work bothered his back. On June 27, 1973, claimant collapsed with pain and was found lying on the floor in the frame room. Prior to collapsing, he was lifting ironwork and pulling out cables. Claimant was totally disabled as a result of the injury sustained until August 27, 1973. On August 27, claimant was informed that he would no longer be employed in the capacity of installer-repairman and that he was being demoted to the position of clerk at a reduction in salary to $161.50 per week. He was informed that the transfer was necessary for his own protection. The employer paid claimant compensation benefits for temporary total disability on the 1973 claim until August 27, 1973 and, thereafter, resumed paying regularly reduced earnings until February 25, 1974 when claimant submitted his retirement. On September 13, 1973, the 1966 case was reopened. Hearings were subsequently held before a referee on both claims at which the claimant, supervisors, and coemployees testified. At the conclusion of the hearing, the referee made an award in the 1973 case, which the board reversed in its decision of June 6, 1975, upon a finding that "claimant left the employment for reasons other than the injury and that claimant withdrew from the labor market when he elected to retire. The Board finds that the claimant's disability is not causally related to the injury of June 27, 1973." Thereafter, on July 1, 1975, the referee made an award in the 1966 case. The employer applied to the board for a review of this award, contending that the board was bound by its decision in the 1973 case. In its decision of December 9, 1975, the board rejected the employer's arguments and affirmed, the referee stating that "inasmuch as the claimant has been adjudged permanent partial disability in case no. 56613673 and entitled to compensation payments for his disability regardless of whether he worked or not, his retirement from the labor market does not preclude his rights to benefits." The employer has appealed from this decision. The claimant appeals from the decision in the 1973 case. In *Matter of Miller v Pan Amer. World Airways* (46 AD2d 718), claimant sustained a causally related permanent partial disability, but an award of benefits was challenged because she had voluntarily withdrawn from the labor market. Upon a finding that her disability would be a limiting factor in any future search for employment, the award was upheld since the board was properly able to find that her wage loss was not *solely* due to factors unrelated to her disability and voluntary in nature. Similarly, in the 1966 case involving the present claimant, the board would appear to have implicitly found that claimant's disability stemming from his 1966 accident would be a limiting factor, although it has also been held that a voluntary retirement can bar the right to payments even where there is a disability (see *Matter of Mazziotto v Brookfield Constr. Co.,* 40 AD2d 245). Moreover, a disallowance of benefits in the 1973 case would not necessarily be inconsistent or incompatible if it were clear that the board was taking the position that any *further* reduction in earning capacity which might have been attributed to the 1973 injury was actually caused *solely* by claimant's voluntary retirement. However, to reach such a conclusion we would have to shut our eyes to the obvious inconsistencies between the board's implicit findings in the 1966 case and its explicit contentions in support of its decision in the 1973 case. In its decision in the 1973 case, as we have seen, the board has found that (1) claimant left his employment "for reasons other than the injury", and (2) that "he withdrew from the labor market when he elected to retire". The latter finding is ambiguous. Does it mean that his retirement from employment with the telephone company consti-

tuted his withdrawal from the labor market, or that he withdrew from the market at the same time that he retired from the employer? If the latter meaning is attributed, it would seem to be in conflict with record evidence that claimant did seek and temporarily find other employment and that he had set himself up in self-employment as a gunsmith. On the other hand, if the former meaning was intended, it is together with finding (1), inconsistent with the board's position on the appeal of the 1966 case. In its brief on appeal, the board variously argues that claimant's last job with the employer was physically unsuitable, as established by his own testimony and by medical records; that the evidence refutes the employer's contention that claimant's retirement was purely voluntary; and that the evidence establishes that after leaving employment with the telephone company, claimant "attempted to earn an income within the limits of his education, training and physical problems". Our review of the record indicates the presence of medical evidence indeed supportive of the contention that the various jobs available with the employer, including a clerk position involving prolonged sitting, were detrimental to claimant's physical well-being, which would contradict the finding in the 1973 case that claimant "left the employment for reasons other than the injury". On the other hand, there is also evidence that claimant was merely unhappy with the sedentary nature of his employment as a clerk, which would be sufficient to sustain the afore-mentioned finding. However, the board cannot take the position, under any view of the substantial evidence rule, even implicitly, that claimant had good medical cause to retire in connection with the 1966 case, but left for voluntary, nonmedical reasons in connection with the 1973 case. There also appears to be some contention that claimant's 1973 injury merely caused a temporary aggravation of his prior condition. If true, an award for any period subsequent to the cessation of the aggravation would clearly be inappropriate. However, there is no explicit finding to this effect in the decision of the board in the 1973 case, nor is the point at all developed in the briefs of any of the parties. Only by speculation could we determine this to be the intent of the board's finding in the 1973 case that "claimant's disability is not causally related" to the 1973 injury. We decline to engage in speculation. In these circumstances, the only conclusion we can logically arrive at is that the board's findings are inadequate to permit intelligent review. While we are inclined to affirm the decision in the 1966 case, we feel in the interests of justice that both decisions should be remitted for further findings and clarification of the decisions appealed from. Either party who so desires shall be granted leave to produce additional evidence on any factual issue relevant to either or both cases. Decisions in case No. 56613673 and case No. 57316778 reversed, and matters remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, without costs. Greenblott, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.