■ In the Matter of the Claim of VINNIE FIALKOFF, Respondent, v LOCAL 1102, RWDSU-AFL-CIO et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Yesawich, Jr., J. Appeal from a decision of the Workers' Compensation Board, filed October 15, 1987, which ruled that claimant's decedent sustained an accidental injury in the course of his employment and awarded workers' compensation benefits.

Claimant's decedent was secretary-treasurer of Local 1102 of the Retail, Wholesale & Department Store Union, AFL-CIO (hereinafter the Local). Because of advancing age and infirmity, the Local's president was apparently unable to properly carry out the duties of his office, thus forcing decedent to assume much of the president's responsibilities. Due to the problems this created, junior officers of the Local urged decedent to prevail upon the president to relinquish the office; in fact, some officers threatened to resign if decedent was not successful in this regard. On the next day, March 17, 1982, decedent asked the head of the union's international, Alvin Heaps, to speak to the Local's president about stepping down. That afternoon the three men and Heaps' security guard met for a luncheon meeting. Decedent excused himself to go to the bar so that Heaps could talk to the Local's president about resigning. Heaps, however, decided not to do so, fearing the adverse effect such a discussion would have on the 80-year-old president. Heaps then joined decedent in the bar. When decedent learned that no action would be taken he erupted, his face flushed and the two exchanged heated words. Heaps attempted to calm decedent, expressing concern that decedent might have a heart attack. The words proved to be prophetic for a few minutes later, after the group left the restaurant, decedent collapsed on the street; he was found to have suffered cardiac arrest causing brain damage and eventual death following a 22-month vegatative coma.

Although the Local filed a report of accident attributing decedent's injuries to an accident in the course of employment, the Local's workers' compensation insurance carrier resisted payment, arguing that there was no causal relationship. Ultimately, the full Workers' Compensation Board by a vote of 9 to 1 concluded that decedent's death was brought about by the argument over his succession to the president's post and that his desire to fill that post was not simply a

matter of personal import, but one of general concern to the union. On appeal, the Local and its carrier do not challenge the causal relationship of the argument to decedent's death, but contend that the Board lacked substantial evidence for its finding that the agitation and strenuous emotional experience found to underlie decedent's heart attack were occasioned by anything other than personal ambition and frustration.

Clearly, there was substantial evidence that decedent's concern over the Local's presidency was job related. Heaps testified that it was well known within the union that decedent was "carrying the load". Just one day prior to decedent's heart attack, other officials of the Local complained to decedent that the organization was suffering owing to the president's debility, that it was almost impossible to function with two bosses, and issued an ultimatum threatening to leave the union if decedent did not ascend to the presidency. Moreover, personal anxiety induced by loss of employment has been held sufficient to give rise to a compensable injury *(see, Matter of Black v Metropolitan Tobacco,* 71 NY2d 989). That anxiety is not unlike the anger decedent undoubtedly felt at being denied a promotion he, as other officials troubled about the Local's well-being, believed was necessary in the union's best interests and also personally well deserved.

Decision affirmed, with costs to the Workers' Compensation Board. Kane, J. P., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.