■ In the Matter of the Claim of CAROL COMPTON, Appellant, v KENLU CAB COMPANY, Doing Business as GRAB-A-CAB, et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Harvey, J. Appeal from a decision of the Workers' Compensation Board, filed June 24, 1987.

Claimant, a taxicab driver, sustained injuries in a motor vehicle accident which allegedly occurred during the course of her employment. A claim for benefits was filed with the Workers' Compensation Board. Hearings were held and awards were made against claimant's employer who was found to be in violation of Workers' Compensation Law § 50 (no insurance). Following the default of claimant's employer in paying these awards, some were paid by the Uninsured Employers' Fund. However, following numerous delays in payment for various reasons, the Fund filed an application for review by the Board alleging that, based on the medical evidence, the awards for total and partial disability were excessive. The matter was referred to a Board Panel composed of three Board members and an order was duly issued on January 27, 1987 rescinding various Workers' Compensation Law Judge decisions and modifying without prejudice the tentative payment schedule. The case was restored to the calendar for development of the record, reconsideration of the injuries and liability for the medical bills. On March 31, 1987 claimant requested a full Board review which was denied on June 24, 1987. Claimant now appeals from the denial of a full Board review.

On this appeal, claimant raises several issues relating to the propriety of the Board Panel's procedures in reviewing the Fund's petition for review and its failure to allow claimant's attorney to orally argue these issues before the Panel. We find, however, that the only issue properly before us is claimant's argument that the Board erroneously denied her request for a full Board review. The Board's order of restoral disputed by claimant is clearly interlocutory and is not appealable (see, Matter of Taylor v Gold & Son, 105 AD2d 494). Even if it were, claimant never filed a notice of appeal, timely or otherwise, from the order within the time limits prescribed in Workers' Compensation Law § 23 (see, Minkowitz, Practice

Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 23 [1989 Pocket Part], at 145-146).

With respect to the denial of claimant's request for a full Board review, Workers' Compensation Law § 23 provides for such review as of right only "if the decision or determination was that of a panel of the board and there was a dissent from such decision or determination". Here, the Panel's determination was unanimous. Accordingly, the Board was free to deny claimant's application for review and in reviewing this denial, this court is limited to deciding whether the Board's action was arbitrary and capricious or an abuse of discretion (see, Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 23 [1989 Pocket Part], at 146; see also, Matter of Aiello v Rissell Constr. Corp., 37 AD2d 884, lv denied 30 NY2d 484). Upon our review of the record, the denial of a full Board review was neither arbitrary nor capricious but was a proper exercise of discretion.

Decision affirmed, without costs. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.