In the Matter of the Claim of DOMINICK COLUCCIO, Respondent, v AENCO, INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Weiss, J. Appeal from an amended decision of the Workers' Compensation Board filed March 10, 1988.

Claimant, then a 28-year-old laborer, sustained a low back injury on July 22, 1983. A Workers' Compensation Law Judge eventually found that claimant had a permanent partial disability, and held that the claim was subject to Workers' Compensation Law § 15 (8) (d) based upon a preexisting speech impairment. The Workers' Compensation Board rendered an amended decision finding "the combination of the claimant's compensable chronic low back syndrome and vocational background generates in this claimant a continuing permanent total industrial disability" and, in the light of this classification, discharged the Special Disability Fund (Work-

ers' Compensation Law § 15 [8]). A request for full Board review was denied. The employer and its workers' compensation insurance carrier have appealed.

Although the specific pathologic reasons for claimant's continuing back pain have escaped detection, it is undisputed that claimant's lower back condition has rendered him permanently *partially* disabled. The question here, however, is one of total disability. We recognize that Dr. James Striker, claimant's attending orthopedist, testified that he was capable of performing light work with various physical restrictions as to bending, lifting and sitting. These findings, however, do not preclude a total disability award. There is substantial medical evidence that claimant is totally incapable of performing work involving manual labor. The record further substantiates that claimant is functionally illiterate and required to take medication on a daily basis that makes him drowsy. The coupling of claimant's back limitations with his limited vocational background provides a substantial basis for the Board's assessment of a total industrial disability *(see, Matter of Moore v RPM Indus.,* 144 AD2d 135; *Matter of Grandinetti v Syracuse Univ.,* 134 AD2d 683; *Matter of Rourke v Reichhold Chem.,* 129 AD2d 949).

We further find that the Board correctly discharged the Fund. To obtain relief pursuant to Workers' Compensation Law § 15 (8), an employer must establish the existence of "a permanent physical impairment prior to the accident, that such condition was known to the employer, and that the subsequent disability is materially and substantially greater than that which would have resulted from the subsequent injury alone" *(Matter of Russo v M & M Transp.,* 127 AD2d 931, 932; *see, Matter of Saletta v Allegheny Ludlum Steel Corp.,* 62 AD2d 360, *lv denied* 45 NY2d 711). Here, the carrier seeks to invoke Workers' Compensation Law § 15 (8) by virtue of claimant's preexisting speech impediment. Notably, the Fund initially conceded that the claim fell within the ambit of that statutory provision, unless a finding of total disability was premised on the back injury alone. A review of the Board's determination shows that its finding of total disability was premised on the combined effects of claimant's back injury and his vocational background, not any physical speech impediment. Since the Board could rationally assess a total disability without regard to claimant's preexisting physical impairment, the Fund was properly discharged *(see,* Workers' Compensation Law § 15 [8] [a], [b], [d]).

Amended decision affirmed, without costs. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.