■ In the Matter of the Claim of John L. Dellheim, Respondent, v International Business Machines Corporation et al., Appellants, and Special Funds Conservation Committee, Respondent. Workers' Compensation Board, Respondent.—Yesawich Jr., J. Appeal from a decision of the Workers' Compensation Board, filed May 11, 1990, which discharged the Special Funds Conservation Committee from liability for the claim.

Claimant, a 54-year-old male programmer for the employer, sustained a head injury in November 1981 when he fell from a chair and hit his head on the edge of a table. Several years prior to that, he had been diagnosed with Meniere's Disease and his job responsibilities had been restricted. In January 1985, a Workers' Compensation Law Judge (hereinafter WCLJ) found that the injury claim was subject to Workers' Compensation Law § 15 (8) (d) and that "[a]ccident notice and causal relation [had been] established re: head and chronic balance disorder". In September 1988, following a hearing, the WCLJ issued a decision classifying claimant as having a

"permanent total disability" and discharged the Special Funds Conservation Committee (hereinafter Special Fund). The employer and its workers' compensation insurance carrier challenged the propriety of this decision. After reviewing "the record as developed and especially the testimony of Dr. [William] Updegraff and Dr. [Arnold] Goran", the Workers' Compensation Board found that "claimant has an overall permanent total disability" and affirmed the WCLJ's decision without further discussion. This appeal by the employer and its carrier followed.

Initially, we note that claimant's classification as having a "permanent total disability" does not, in and of itself, warrant the discharge of the Special Fund unless that condition resulted from the accident alone (see, Matter of Andersen v New York Hosp., 5 AD2d 730, 731, lv denied 4 NY2d 674). As there is no substantial evidence to support such a finding, we reverse (cf., Matter of Green v Hengerer Co., 1 AD2d 856, 857, 858, lv denied 1 NY2d 642).

To obtain reimbursement pursuant to Workers' Compensation Law § 15 (8) (d), an employer must establish that "an employee * * * who [had a] permanent physical impairment [incurred] a subsequent disability by accident arising out of and in the course of his employment * * * resulting in a permanent disability caused by both conditions that is materially and substantially greater than that which would have resulted from the subsequent injury * * * alone". Here, it is not challenged that claimant had a preexisting permanent physical impairment which hindered his job potential (see, Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 15 [1991 Pocket Part], at 15; cf., Matter of Grieco v Grieco Elec. Co., 52 AD2d 1011) or a later work-related injury. Indeed, the Special Fund originally conceded section 15 (8) liability "unless a permanent total disability develops as a result of this accident alone" (see, Matter of Coluccio v Aenco, Inc., 147 AD2d 887, 888). Although the Board was free to selectively adopt or reject segments of the medical testimony, no part of the testimony of Updegraff or Goran supports a finding that claimant's current "permanent total disability" was caused solely by the November 1981 accident. To the contrary, as the Board expressly recognized in its decision, Updegraff stated that the injury aggravated claimant's preexisting condition.

Because the Board could not rationally assess a "permanent total disability" without regard to claimant's previous perma-

nent physical impairment, the Special Fund was improperly discharged *(cf., Matter of Coluccio v Aenco, Inc., supra).*

Weiss, J. P., Mikoll, Crew III and Harvey, JJ., concur. Ordered that the decision is reversed, with costs against the Special Funds Conservation Committee, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this court's decision.