■ In the Matter of the Claim of ERIC A. Foos, Respondent, v BAUSCH AND LOMB, INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed May 11, 1990, which discharged the Special Disability Fund from liability upon finding that claimant's disability caused by a second accident was not materially greater by reason of a preexisting impairment.

On September 22, 1979, while employed by Bausch and Lomb, Inc., claimant sustained an injury which resulted in a 60% schedule loss of use of his left hand (case No. 77910746).

On February 13, 1982, while still employed by Bausch and Lomb, claimant sustained an injury to his right wrist, and the resulting claim was established for right wrist carpal tunnel syndrome and closed on a finding of no schedule loss of use (case No. 78203760). During subsequent employment with Milbury Oldsmobile, claimant developed further problems with his right wrist. As a result, the file on the February 13, 1982 accident was reopened in April 1985, and surgery was performed on October 31, 1985. By notice of decision filed October 26, 1987, claimant was found to have an over-all 7½% schedule loss of use of the right hand, apportioned two thirds to case No. 78203760 and one third to a new file opened in connection with the reinjury of the right wrist (case No. 78610615). The case was continued on the question of the applicability of Workers' Compensation Law § 15 (8). A hearing was conducted and, ultimately, the Workers' Compensation Board discharged the Special Disability Fund from liability after determining that claimant's disability caused by the second accident (case No. 78203760) was not materially and substantially greater by reason of a preexisting impairment (case No. 77910746). Bausch and Lomb and its workers' compensation carrier appeal.

We are constrained to reverse the Board's determination and remit the matter for further proceedings because our review of the record and careful reading of the Board's decision do not disclose the basis for the conclusion that Workers' Compensation Law § 15 (8) does not apply. Significantly, the hearing testimony of Dr. Joseph Maggio, specifically relied upon by the Board in its decision, supports a finding that the disability to claimant's right wrist was materially and substantially greater by reason of the preexisting impairment to his left hand. Further, in his April 2, 1982 medical report, Dr. F. J. Crimmings indicated that the injury to claimant's left hand forced him to perform his work as an inspector almost entirely with his right hand and "the constant repetitive activities of [claimant's] job assignment * * * make this an occupational condition and causally related to his work". Contrary to the position of the Special Disability Fund, this opinion would support a finding of liability under Workers' Compensation Law § 15 (8) in that the prior disability rendered claimant "more vulnerable to the work-related accident than would be an unhandicapped employee" *(Matter of Saletta v Allegheny Ludlum Steel Corp.,* 62 AD2d 360, 363, *lv denied* 45 NY2d 711). At the same time, Crimmings also indicated that "even if [claimant] did not have the left wrist [disability],

the repetitive activities might have caused the current carpal tunnel syndrome in the right". In the absence of a decision permitting intelligent review, we will not speculate upon the basis for the Board's decision but, rather, remit the matter for further findings (see, Matter of Reilly v New York Tel. Co., 55 AD2d 739, 742; Matter of Davis v Prudential Ins. Co., 35 AD2d 1050, 1051; Matter of Marquit v Arjay Sportwear, 28 AD2d 1148, 1149).

Levine, J. P., Mahoney and Casey, JJ., concur. Ordered that the decision is reversed, with costs against the Special Disability Fund, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this court's decision.