■ In the Matter of the Claim of WILLIAM PRICE, Respondent, v KGM PLASTIC INDUSTRIES, Doing Business as CAPRICE DIVISION, et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [597 NYS2d 243] —Mikoll, J. Appeal from a decision of the Workers' Compensation Board, filed November 14, 1991, which, *inter alia,* ruled that claimant sustained a causally related disability.

The issue before us is whether a finding of the Workers' Compensation Board that a cerebral vascular accident resulting in permanent disability attributable to emotional upset from business events is compensable under the law.

A claim was filed on November 14, 1983 by claimant, who was then the president in charge of sales of Caprice, a company selling vinyl tablecloths for KGM Plastic Industries, its parent company. Claimant helped found Caprice by arranging for construction of a factory in North Carolina and by taking care of sales in New York. He was successful in securing K-Mart, a major department store as a customer, which account represented 80% of Caprice's business. Eventually, Toshimasa

Asai became president of Caprice. The relationship between claimant and Asai was an uncomfortable one. Asai dealt with claimant in a manner totally unlike Asai's predecessors, questioning claimant's sales technique, business decisions and expenditures. Asai inexplicably kept the company's inventory low, imperiling, in claimant's judgment, the account with K-Mart. Claimant was concerned that the account would become insolvent. The many unpleasant confrontations with Asai left claimant disturbed and upset. Asai forced claimant to fire a prized associate, Meryl Sokoler, and removed claimant from the K-Mart account that he had nurtured. This proved devastating to claimant. After meetings with Asai, claimant was visibly shaken, clammy and upset. On January 6, 1983, after a heated argument with Asai over claimant's decision to entertain a retiring K-Mart executive, claimant became ill and had to leave work. He developed nose bleeds and eventually suffered a stroke, which resulted in partial dementia and left hemiparesis.

Seymour Cutler, claimant's physician, testified that claimant, who had preexisting arterial hypertension, developed a stroke that left him permanently disabled and that the stroke and disability were causally related to emotional problems claimant had on the job. Cutler testified further that the problems caused a marked surge in blood pressure so that claimant's already severe hypertension became worse; previously damaged vessels in the brain were ruptured and claimant developed cerebral bleeding and a stroke. The Board found that claimant suffered a cerebral vascular accident on January 11, 1983 resulting in a stroke as a result of emotional problems related to his job.

We affirm. There is substantial evidence in the record to support the Board's finding that the accident arose out of and in the course of claimant's employment. Claimant endured excessive emotional stress, manifested by nose bleeds, immediately after his last confrontation with Asai and suffered a disabling stroke five days later. These facts support the Board's finding (see, Matter of Black v Metropolitan Tobacco, 71 NY2d 989, 990; Matter of Fialkoff v Local 1102, 146 AD2d 891).

Though the record contains controverting medical opinion, the Board finally determined the credibility and reasonability of the medical evidence, and its determination will not be disturbed if supported by substantial evidence (see, Matter of Carter v Mobil Chem. Co., 111 AD2d 1063). In accepting the opinion of claimant's physician, the Board had the benefit of

Cutler's personal observation of claimant and his symptoms in 1984, the availability of the treating hospital's records indicating neurological abnormalities and a right cerebral infarct, and the opinion of the examining neurologist who found evidence of a stroke. The reliance of the Board on this medical evidence has a rational basis and should be upheld.

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Ordered that the decision is affirmed, with costs to the Workers' Compensation Board.