■ In the Matter of the Claim of WILLIAM MARINO, Respondent, v K.L.M. ROYAL DUTCH AIRLINES et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [598 NYS2d 598] —Mahoney, J. Appeal from a decision of the Workers' Compensation Board, filed July 11, 1990, which, inter alia, discharged the Special Funds Conservation Committee from liability.

In 1979 claimant filed a claim for compensation alleging that he had developed an occupational lung disease. After compensation was secured, the employer's workers' compensation carrier, Atlantic Mutual Insurance Company (hereinafter the carrier), filed a claim for reimbursement out of the Special Disability Fund (hereinafter the Fund) under Workers' Com-

---

pensation Law § 15 (8) (d) contending that claimant's occupational disease was materially and substantially greater due to his preexisting diabetes condition, thus triggering entitlement to Fund moneys. While the Workers' Compensation Law Judge originally found that the claim came within Workers' Compensation Law § 15 (8) (d), the Workers' Compensation Board rescinded that determination. It referred the claim to an impartial physician on the question of whether claimant's disability was materially and substantially greater because of his diabetes, ordered that the parties be given an opportunity to cross-examine the physician on the record, after which the transcript was to be returned to the Board panel for decision.

The physician submitted his report opining that the diabetes played no part in claimant's total disability. During the conducting of cross-examination the carrier and the Fund entered a stipulation on the record whereby the Fund conceded its liability under Workers' Compensation Law § 15 (8) (d) and agreed to pay two thirds of the carrier's liability for all compensation and medical benefits after the first 104 weeks. While the stipulation was duly transcribed and sent back to the Board panel along with the physician's report and the actual cross-examination, the Board panel disregarded it and concluded that based upon the entire medical record claimant's disability was due to his lung condition alone, thus rendering Workers' Compensation Law § 15 (8) (d) inapplicable. The carrier appealed. During pendency of the appeal, the carrier filed a request for full Board review which was denied. No appeal was filed from the denial of this request.

The gravamen of the carrier's arguments on this appeal is that the Board erroneously disregarded the stipulation.* We disagree. 12 NYCRR 300.5, which sets forth general provisions regarding procedure before the Board, expressly states that while "[p]arties in controverted matters may enter into an agreement stipulating to uncontested facts or proposed findings" (12 NYCRR 300.5 [a] [2]), such stipulations are not binding upon the Workers' Compensation Law Judge, but

---

* Contrary to the Board's arguments, we conclude that because the carrier raised the issue of the effect of the stipulation in correspondence with the Board prior to the time it rendered the decision appealed from, this subject is fully preserved for appellate review and its reviewability is not compromised by the carrier's failure to file a notice of appeal from the Board's letter decision denying full Board review (see, Matter of Hercules v United Artists Communications, 176 AD2d 998, 999; Matter of Compton v Kenlu Cab Co., 147 AD2d 825; Matter of Gibbons v Zara Constr. Co., 77 AD2d 675, lv denied 52 NY2d 705).

rather are subject to his or her approval (12 NYCRR 300.5 [a] [3]). Moreover, consistent with the Board's jurisdiction and control over awards of compensation in the State (see, Workers' Compensation Law § 22), such stipulations are subject to further review by the Board (see, 12 NYCRR 300.5 [3]).

Here, the Board apparently chose to disregard the Fund's concession that the case fell within the provisions of Workers' Compensation Law § 15 (8) (d) based upon its reading of the medical testimony in its entirety. Upon our review, we cannot say that this conclusion lacks the requisite evidentiary basis. The Board's determination is supported not only by the opinion of the impartial physician but also by the opinion of one of the carrier's physician consultants who attributed 90% of claimant's disability to the occupational lung disease and only 10% to claimant's obesity, hypertension (conditions not alleged to be preexisting impairments) and diabetes. While the opinion of the carrier's other physician that claimant's diabetes was a predisposing fact to his development of one of the medical conditions which gave rise to his disability, that opinion was directly controverted by the impartial physician, thus creating a conflict in the medical evidence, resolution of which is the Board's prerogative and with which we see no reason to interfere (see, Matter of Rodriguez v Atlantic Gummed Paper Corp., 61 AD2d 873).

Weiss, P. J., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.