■ In the Matter of the Claim of Joseph Loftus, Appellant, v New York News et al., Respondents. Workers' Compensation

BOARD, Respondent. [719 NYS2d 314] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed June 26, 1998, which denied claimant's claim for workers' compensation benefits.

While en route to work for a meeting, claimant suffered a stroke, resulting in a one-car motor vehicle accident. Although claimant was not injured in the accident, the stroke caused the loss of his left visual field and he was unable to return to work. Claimant filed a claim for workers' compensation benefits, alleging that work-related stress caused the stroke.

Claimant's expert concluded that the stroke was caused by significant work-related stress which, as reported to him by claimant, included an increased work load resulting from a recent promotion, the subsequent promotions of less senior employees to higher-level positions and his concern about losing his job.* Claimant, however, did not refer to any of these concerns at the hearing when asked about stress at work. Claimant conceded that he had been a supervisor for approximately 10 years, and the only stress specifically identified by him related to the inherent pressure faced in the timely production of a daily newspaper. In denying the claim, the Workers' Compensation Board made the following findings: "Upon review of the entire record, the Board Panel finds that the evidence, including the claimant's testimony, fails to indicate th[at] claimant * * * was involved in a work situation involving or inducing emotional strain or tension greater than the countless differences and irritations to which all workers are occasionally subjected without untoward result; further, that since * * * claimant worked at a fixed location and was on his way to work * * * when he was involved in a motor vehicle accident, it cannot be said that [the] accident arose out of and in the course of the employment."

We conclude that the Board's decision is insufficient to permit review in that its discussion of stress fails to articulate whether it found that claimant's stroke was not an accident or that the stroke was not causally related to claimant's work. First, with regard to the accident issue, a viable claim in the event of a heart attack or stroke may be based on work-related stress (*see, e.g., Matter of Joslyn v Oneida County Sheriff's Dept.*, 267 AD2d 891, 892-893; *Matter of Price v KGM Plastic Indus.*, 192 AD2d 995) even where the medical event occurs outside of normal work hours (*see, Matter of Kroeger v New York State Workers' Compensation Bd.*, 222 AD2d 912, *lv denied* 88 NY2d

---

* The testimony of the employer's expert was precluded for failure to appear at the hearing.

801). While the rule in cases of *mental injury* caused by work-related stress is that the stress must be greater than that which usually occurs in the normal work environment (*see, Matter of Keane v New York State Elec. & Gas Co.*, 272 AD2d 802), benefits have nonetheless been awarded upon evidence that a heart attack or stroke was caused by work-related stress without a specific finding that the stress was greater than that which usually occurs in the normal work environment (*see, Matter of Black v Metropolitan Tobacco*, 71 NY2d 989; *Matter of Ayers v Tioga County Sheriff's Dept.*, 240 AD2d 819). Notably, stress similar to that described by claimant's expert has been found to be sufficient to support an award (*see, Matter of Greenbaum v MKI Sec.*, 189 AD2d 986).

With regard to the causal relationship issue, the only medical evidence in the record was presented by claimant's expert who testified that the stroke was caused by stress experienced by claimant at work. In the absence of contrary testimony, the Board could not reject that evidence and fashion an expert opinion of its own to conclude that the stroke was not caused by that stress (*see, Matter of Doersam v Oswego County Dept. of Social Servs.*, 171 AD2d 934, 936, *affd* 80 NY2d 775). On the other hand, the Board could rule against claimant on the causal relationship issue by finding that the stress actually experienced at work by claimant was less than that assumed by the expert in forming his opinion (*see, Matter of Myers v Eldor Contr. Co.*, 270 AD2d 671; *see also, Matter of Musa v Nassau County Police Dept.*, 276 AD2d 851). In the absence of a decision permitting intelligent review, we will not speculate upon the basis for the Board's decision but, rather, remit the matter for further findings (*see, Matter of Foos v Bausch & Lomb*, 181 AD2d 951).

Mercure, J. P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.