In the Matter of the Claim of CHESTER LLOYD, Claimant, v NEW ERA CAP COMPANY et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [915 NYS2d 701]—

Egan Jr., J. Appeal from a decision of the Workers' Compensation Board, filed June 4, 2009, which ruled that the self-insured employer was not entitled to reimbursement from the Special Disability Fund.

From 1992 to 2003, claimant worked as a sewing machine operator for the self-insured employer. In February 2003, claimant slipped and fell on ice in the employer's parking lot. As a result of the fall, claimant suffered persistent low back pain that restricted his mobility and prevented him from returning to work. The Workers' Compensation Board found that he suffered a work-related injury to his lower back and tail bone, and awarded benefits. The Board set claimant's payment percentage rate at 87.5% for a weekly award of $190.22. The employer then requested apportionment of claimant's injury between the 2003 accident and a preexisting disability caused by a 1975 gunshot wound to claimant's thoracic spine. Following a hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) denied the employer's request, which was affirmed by the Board.

In March 2005, based on an agreement between the employer and claimant, claimant was classified as permanently partially disabled, and his weekly award was continued at the 87.5% disability rate. In 2007, the employer and its third-party administrator (hereinafter collectively referred to as the employer) filed an application seeking to impose liability upon the Special Disability Fund pursuant to Workers' Compensation Law § 15 (8) (d). Following a hearing, the WCLJ found that "claimant has been classified as suffering from a permanent partial disability, but the consensus of the medical evidence is of a permanent and total disability" due to the low back injury, and that Workers' Compensation Law § 15 (8) (d) did not apply. On review, the Board affirmed the WCLJ's decision, and this appeal by the employer ensued.

Under Workers' Compensation Law § 15 (8) (d), an employer may be reimbursed from the Special Disability Fund for workers' compensation payments made after 104 weeks to a claimant who had a preexisting "permanent physical impairment" (Workers' Compensation Law § 15 [8] [d]). " 'To obtain reimbursement pursuant to the statute, an employer must show that the

claimant had a preexisting permanent impairment that hindered job potential, a subsequent injury arising out of and in the course of employment, and a permanent disability caused by both conditions materially and substantially greater than what would have been caused by the work-related injury alone' " (*Matter of Saunders v Pepsi Cola*, 249 AD2d 780, 781 [1998], quoting *Matter of Sturtevant v Broome County*, 188 AD2d 893, 893-894 [1992]; *accord Matter of Bushey v Schuyler Ridge*, 77 AD3d 1006, 1006 [2010]). Regardless of any prior disability, an employer will not be entitled to reimbursement under Workers' Compensation Law § 15 (8) (d) if a claimant suffered a permanent total disability caused solely by a work-related accident, because necessarily the combined disability could not be greater than that caused by the work-related disability alone (*see Matter of Dellheim v International Bus. Machs. Corp.*, 177 AD2d 887, 888 [1991]; *Matter of Coluccio v Aenco, Inc.*, 147 AD2d 887, 888 [1989]).

Initially, we are not persuaded that the Board erred in determining that claimant was permanently and totally disabled for the purposes of Workers' Compensation Law § 15 (8) (d). "The classification of injuries is a factual determination within the sole province of the Board which, if based on substantial evidence, will not be disturbed" (*Matter of McNeil v Geary*, 105 AD2d 539, 540 [1984] [citation omitted]). Furthermore, the Board has the broad authority to, on its own motion, "reclassify a disability upon proof that there has been a change in condition, or that the previous classification was erroneous and not in the interest of justice" (Workers' Compensation Law § 15 [6-a]) and to "make such modification or change with respect to former findings, awards, decisions or orders relating thereto, as in its opinion may be just" (Workers' Compensation Law § 123; *see Matter of Donovan v BOCES Rockland County*, 63 AD3d 1310, 1313 [2009]; *Matter of McNeil v Geary*, 105 AD2d at 540).

Here, there is substantial evidence in the record to support the determination that claimant suffered a permanent and total disability as a result of the 2003 accident. While it is clear that claimant sustained a prior disability as a result of the 1975 gunshot wound rendering him paralyzed for a period of time, the record reflects that claimant eventually regained the ability to walk and, by 1992, when he commenced his employment, he was generally pain free and was fully able to perform the duties of his job without restrictions, although he required the assistance of a cane and a special chair. After the 2003 accident, however, claimant felt nearly constant pain, experienced dif-

ficulty walking and often used a motorized scooter. Two of claimant's treating physicians diagnosed him as being totally and permanently disabled as a result of the 2003 accident. An independent medical examiner who evaluated claimant at the request of the employer likewise opined, "I do not feel that [claimant] is going to return to gainful employment." On the other hand, one of claimant's treating physicians opined that claimant was totally disabled as the result of a subsequent 2005 automobile accident, and the record reflects that the employer presented, among other medical opinions, evidence that the 1975 gunshot wound and the 2005 accident contributed to claimant's disability, together with a medical opinion that 75% of claimant's disability was attributable to the prior gunshot wound. However, "[r]esolving conflicting medical opinions and drawing reasonable inferences from the evidence are within the province of the Board" (*Matter of Visic v O'Nero & Sons Constr. Co.*, 74 AD3d 1646, 1647 [2010] [internal quotation marks and citations omitted]), and we accord such determinations great deference. Where, as here, the Board's determination is supported by substantial evidence, its finding will not be disturbed (*see Matter of Mearns v Sunoco, Inc.*, 77 AD3d 1045, 1047 [2010]), "despite the existence of evidence that may have supported a different result" (*Matter of Guifarro v Zalman, Reiss & Assoc.*, 52 AD3d 1126, 1127 [2008]).

To the extent that claimant's permanent partial disability classification was based on an agreement by the parties, we find that this arrangement is not binding on the Board (*see Matter of Rubin v Goldblatt & Smith*, 3 AD2d 617, 617 [1956]). Under 12 NYCRR 300.5 (b) (1), the "[p]arties to any claim before the [B]oard may stipulate to uncontested facts or proposed findings." Such a stipulation "is binding upon the parties where . . . a WCLJ approves it after verifying through questioning that each party has been advised of the legal effect of the agreement and has signed it voluntarily" (*Matter of Mickens v New York City Tr. Auth.*, 32 AD3d 1128, 1129 [2006]; *see* 12 NYCRR 300.5 [b] [1]; *Matter of Dukes v Capitol Formation*, 213 AD2d 756, 757 [1995], *lv dismissed* 86 NY2d 810 [1995], *appeal dismissed* 87 NY2d 891 [1995]). Here, the record fails to reveal that the agreement to classify claimant as permanently partially disabled complied with the mandates of 12 NYCRR 300.5 (b) (1). There is no evidence that any such agreement was approved by the WCLJ. In any event, "consistent with the Board's jurisdiction and control over awards of compensation in the [s]tate, such [a] stipulation[ ] [is] subject to further review by the Board" and can even be disregarded (*Matter of Marino v K.L.M. Royal Dutch Airlines*, 194 AD2d 818, 820 [1993], *lv denied* 82

NY2d 661 [1993] [citation omitted]; *Matter of Rubin v Goldblatt & Smith*, 3 AD2d at 617; *see* 12 NYCRR 300.5 [b] [2]; 12 NYCRR 300.5 [former (3)]). Accordingly, we are not persuaded that the agreement to classify claimant as permanently partially disabled is binding on the Board.

Peters, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.