Lahtinen, J.
Appeal from a decision of the Workers’ Compensation Board, filed October 17, 2011, which ruled that the employer is not entitled to reimbursement from the Special Disability Fund.
Claimant worked for the self-insured employer as an electrical construction mechanic for 20 years when, in September 2001, he was assigned to various locations at the World Trade *809 Center (hereinafter WTC) site, where he worked for approximately six weeks. In November 2002, claimant began to experience breathing difficulties and, as a consequence of missing time from work, filed a claim for workers’ compensation benefits in February 2003 based upon a diagnosis of emphysema. Shortly thereafter, the employer gave notice of a claim for reimbursement out of the Special Disability Fund pursuant to Workers’ Compensation Law § 15 (8) (d) citing, among other things, impairment to claimant’s lungs as a previous physical impairment. Claimant thereafter returned to restricted duty, then full duty but, ultimately, ceased working altogether in November 2003. Claimant filed a subsequent workers’ compensation claim in March 2007 based upon a diagnosis of interstitial lung disease.
Over the employer’s objections, the claim was established in April 2009 upon the medical opinions of Carl Friedman and Neil Schacter that premised the cause of claimant’s lung disease on both his WTC site exposure and his prior work for the employer. The case was then returned to the calendar to establish the extent of claimant’s disability. A Workers’ Compensation Law Judge then found claimant to be permanently totally disabled, and that determination was affirmed on appeal to the Workers’ Compensation Board. Subsequently, the employer sought reimbursement from the Fund due to claimant’s preexisting lung disease. Ultimately, the Board concluded that claimant’s disabling lung disease was solely caused by his work exposure at the WTC site and denied the employer’s application. The employer now appeals and we reverse.
Here, the only medical evidence concerning the cause of claimant’s interstitial lung disease and his resulting disability came from Friedman, a pulmonologist who performed an independent medical examination at the behest of the employer, and Schacter, claimant’s treating pulmonologist. In his initial report, dated August 2008, Friedman noted that a pulmonary function test conducted by the employer on June 7, 2001 revealed that claimant suffered from “moderately severe restrictive lung disease.” Friedman also noted that the employer’s medical records showed that claimant had been diagnosed with restrictive pulmonary function as far back as 1990. With regard to claimant’s present condition, Friedman cited evidence of interstitial lung disease and opined that claimant’s overall disability was materially and substantially greater due to his history of restrictive lung function than it would have been if caused by his WTC site exposure alone. In a subsequent June 2010 report, Friedman expanded on his assessment, opining *810 that claimant’s preexisting restrictive lung disease made him more susceptible to other work-related industrial exposures and, as a result, there was an acute exacerbation of his preexisting condition that resulted in lower functionality than claimant would have experienced from his WTC site exposure alone.
Similarly, Schacter repeatedly expressed his opinion that claimant’s interstitial lung disease was related to both his exposure at the WTC site and certain exposures throughout his career with the employer, which included exposure to asbestos.[1] Thus, although reimbursement pursuant to Workers’ Compensation Law § 15 (8) (d) may be denied when a work-related injury is the sole cause of a permanent disability (see Matter of Lloyd v New Era Cap Co., 80 AD3d 1016, 1018 [2011]; Matter of Coluccio v Aenco, Inc., 147 AD2d 887, 888 [1989]), there is no medical evidence present here to support the Board’s conclusion that claimant’s disability was solely caused by his WTC site exposure and, therefore, the Fund was inappropriately discharged (see Matter of Dellheim v International Bus. Machs. Corp., 177 AD2d 887, 888 [1991]).[2] To the extent that the Board purported to reject Friedman’s later report as lacking in credibility given his initial conclusion, we note that both reports were consistent, particularly with regard to his opinion that claimant’s overall disability was materially and substantially greater as a result of his preexisting condition.
Peters, P.J., McCarthy and Garry, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision.

. Thus, we reject the characterization by the Board that it was Schacter’s opinion that claimant’s disability was solely due to his WTC site exposure.

. Moreover, even were there to have been evidence that claimant’s disability arose solely from his WTC site exposure, the Board failed to address the question of whether claimant’s preexisting restrictive lung disease rendered him more vulnerable to the WTC site exposure (see Matter of Foos v Bausch & Lomb, 181 AD2d 951, 952 [1992]; Matter of Suarez v Freeport Mem. Lib., 140 AD2d 776, 777 [1988]; Matter of Saletta v Allegheny Ludlum Steel Corp., 62 AD2d 360, 363 [1978], lv denied 45 NY2d 711 [1978]).